**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

NICK ORAM, on behalf of himself and on
behalf of all other similarly situated persons,

                         Plaintiff,

          -against-

SOULCYCLE LLC, SOULCYCLE
HOLDINGS LLC, SOULCYCLE 384
LAFAYETTE STREET, LLC,
SOULCYCLE 350 AMSTERDAM, LLC,
SOULCYCLE 609 GREENWICH STREET,
LLC, SOULCYCLE BRIDGEHAMPTON,
LLC, SOULCYCLE EAST 18TH STREET,
LLC, SOULCYCLE EAST 63RD STREET,
LLC, SOULCYCLE EAST HAMPTON,
LLC, SOULCYCLE ROSLYN LLC,
SOULCYCLE SCARSDALE LLC,
SOULCYCLE TRIBECA, LLC,
SOULCYCLE WEST 19TH STREET, LLC,
SOULCYCLE BRENTWOOD, LLC,
SOULCYCLE SANTA MONICA, LLC, and
SOULCYCLE WEST HOLLYWOOD, LLC,

                         Defendants.

Civ. No.:  13 CV 2976 (RWS)

------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEVER PLAINTIFF'S CALIFORNIA CLAIMS AND PARTIES PURSUANT TO FED. R. CIV. P. 21 AND TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6).

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000
William J. Anthony
Samantha Abeysekera
Joanna S. Smith

*ATTORNEYS FOR DEFENDANTS*

# TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL ALLEGATIONS ................................................................................. 4

LEGAL ARGUMENT ................................................................................. 6

POINT I

    PLAINTIFF'S CALIFORNIA CLAIMS AS WELL AS THE CALIFORNIA
    DEFENDANTS SHOULD BE SEVERED AND DISMISSED. ....................................... 6

    A.    LEGAL STANDARD............................................................................. 6

    B.    CLAIMS OF THE PUTATIVE CALIFORNIA AND NEW YORK CLASSES
        DO NOT SHARE COMMON QUESTIONS OF LAW OR FACT, WITNESSES
        OR DOCUMENTS. ............................................................................. 7

POINT II

    PLAINTIFF'S NEW YORK CLAIMS MERIT DISMISSAL AS A MATTER
    OF LAW ................................................................................. 9

    A.    LEGAL STANDARD............................................................................. 9

    B.    PLAINTIFF'S MINIMUM WAGE CLAIMS UNDER NYLL FAIL TO STATE
        A CLAIM BECAUSE PLAINTIFF WAS ALWAYS PAID FAR MORE THAN
        THE MINIMUM WAGE FOR ALL HOURS WORKED ................................... 10

    C.    PLAINTIFF'S CLAIMS UNDER THE NYLL FOR BUSINESS EXPENSE
        REIMBURSEMENT FAIL BECAUSE HE ALWAYS EARNED IN EXCESS
        OF THE MINIMUM WAGE............................................................................. 14

CONCLUSION................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Acevdeo v. Allsup's Convenience Stores, Inc.,
   600 F.3d 516 (5th Cir. 2010) ...................................................................................9

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)...................................................................................3, 9, 10, 12

Bell Atl. Corp. v. Twombley,
   550 U.S. 544 (2007)....................................................................................3, 10, 11, 12

Boschert v. Pfizer, Inc.,
   No. 4:08-CV-1714(CAS), 2009 U.S. Dist. LEXIS 41261 (E.D. Mo. May 14, 2009)..............8

Cestone v. General Cigar Holdings, Inc.,
   00 Civ. 3688 (RCC)(DF), 2002 U.S. Dist. LEXIS 4504 (S.D.N.Y. Mar. 18, 2002).........3, 6, 7

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002)...............................................................................4, 13

Costello v. Home Depot U.S.A., Inc.,
   888 F.Supp. 2d 258 (D.Conn. 2012).........................................................................7

Desilva v. North Shore-Long Island Jewish Health Sys., Inc.,
   770 F. Supp. 2d 497 (E.D.N.Y. 2011) ....................................................................10

In re NYSE Specialists Sec. Litig.,
   503 F.3d 89 (2d Cir. 2007) cert. denied 552 U.S. 1291 (2008) ...........................................4, 9

Int'l Audiotext Network v. American Tel. & Tel. Co.,
   62 F.3d 69 (2d Cir.1995)....................................................................................4, 13

Lin v. Benihana Nat'l Corp.,
   10 Civ. 1335 (VM)(JCF), 2010 U.S. Dist. LEXIS 132871 (S.D.N.Y. Nov. 9, 2010) .....3, 8, 14

Lundy v. Catholic Health Sys. Of Long Island, Inc.,
   711 F.3d 106 (2d Cir. 2013)..............................................................................3, 10, 12

Maldonado v. La Nueva Rampa, Inc.,
   10 Civ. 8195 (LLS)(JLC), 2012 U.S. Dist. LEXIS 67058 (S.D.N.Y. May 14, 2012)............15

Severin v. Project OHR, Inc.,
   10 Civ. 9696 (DLC), 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. Jun. 20, 2012).....................11

Walz v. 44 & X,
   12 Civ. 5800(CM), 2012 U.S. Dist. LEXIS 161382 (S.D.N.Y. Nov. 7, 2012) ................11, 12

Wilkes v. Genzyme Corp.
    Civ. No. WMN-10-1683, 2011 U.S. Dist. LEXIS 49881 (D. Md. May 10, 2011) ..............7, 8

**STATUTES**

28 U.S.C. §1332(d)(2) *et seq.* ......................................................................2

CAL. LAB. CODE §2802 ............................................................................8

New York Labor Law ("NYLL") ......................................................... passim

NYLL § 190(1) ......................................................................................11

NYLL § 652 ...........................................................................................10

NYLL §193 ............................................................................................14

**OTHER AUTHORITIES**

N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2. ....................................3, 11, 12, 14

Fed. R. Civ. P. 12(b)(6)..........................................................................1, 4, 9

Fed. R. Civ. P. 21 ..................................................................................1, 2, 6

Fed. R. Civ. P. Rule 23 ...............................................................................2

Defendants SoulCycle LLC, SoulCycle Holdings, LLC, SoulCycle 384 Lafayette Street, LLC, SoulCycle 350 Amsterdam, LLC, SoulCycle 609 Greenwich Street, LLC, SoulCycle Bridgehampton, LLC, SoulCycle East 18th Street, LLC, SoulCycle East 63rd Street, LLC, SoulCycle East Hampton, LLC, SoulCycle Roslyn, LLC, SoulCycle Scarsdale, LLC, SoulCycle Tribeca, LLC, SoulCycle West 19th Street, LLC, SoulCycle Brentwood, LLC, SoulCycle Santa Monica, LLC, and SoulCycle West Hollywood, LLC (collectively hereinafter "Defendants" or "SoulCycle") respectfully submit this Memorandum of Law in Support of their Motion to Sever Plaintiff's California Claims and Parties Pursuant to Fed. R. Civ. P. 21 and to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendants' Motion").  A copy of Plaintiff's Complaint ("Complaint") is attached as Exhibit "A" to the Declaration of William J. Anthony ("Anthony Decl.") submitted herewith.

## PRELIMINARY STATEMENT

Plaintiff Nick Oram ("Oram" or "Plaintiff") has brought numerous California claims in a New York based action which the Court should sever and dismiss.  There is little benefit to any California residents who Plaintiff seeks to someday include in this action having a New York court entertain their wage claims under California law.  Further, the significant likelihood that the inclusion of the claims under California law will confuse jurors and unnecessarily complicate and confuse the issues in this litigation prejudices Defendants.  Therefore, the Court should dismiss the California claims from this action.  The Court should also dismiss Plaintiff's New York claims for unpaid wages and business expenses as the Complaint lacks the specificity to state a legal claim.

In his Complaint, Plaintiff, on behalf of himself and all other similarly situated persons, asserts claims against Defendants for (i) failure to pay minimum wage under the New York Labor Law ("NYLL") and the California Labor Code ("CLC") (first and fifth causes of

action); (ii) failure to pay wages with the requisite frequency under the NYLL (second cause of action); (iii) failure to reimburse business expenses under the NYLL (as an "unlawful deduction") and the CLC (third and seventh causes of action); (iv) failure to provide accurate wage statements under the NYLL and CLC (fourth and sixth causes of action); (v) failure to timely pay all final wages under the CLC (eighth cause of action); and (vi) violations of California's Unfair Competition and Business Practices Act ("UCBPA") (ninth cause of action).[1] Plaintiff asserts no federal claims under the Fair Labor Standards Act; instead, his basis for federal jurisdiction is the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2) *et seq.*  In his Complaint, Plaintiff proposes two classes under Fed. R. Civ. P. Rule 23: (1) the "New York Class," comprised of Plaintiff and all "similarly-situated persons who were/are employed as instructors and/or in similar positions in New York from May 2, 2009 to the present"; and (2) the "California Class," comprised of all "similarly-situated persons who were/are employed as instructors and/or in similar positions in New York[2] [sic] from May 2, 2009 to the present." (See Compl. ¶¶4, 5).

Plaintiff's California Claims should be severed from the instant action pursuant to Fed. R. Civ. P. Rule 21.  Further, the three named Defendants, SoulCycle Brentwood, LLC, SoulCycle West Hollywood, LLC, and SoulCycle Santa Monica, LLC (collectively, hereinafter the "California Defendants") are California corporations,[3] and, accordingly, should also be severed from the instant action.  Severance is appropriate in the interests of judicial economy and

---

[1]    Plaintiff's First, Second, Third and Fourth causes of action all involve New York law and are collectively hereinafter referred to as the "New York Claims."  Plaintiff's Fifth, Sixth, Seventh, Eighth and Ninth causes of action all involve California law and are collectively hereinafter referred to as the "California Claims."

[2]    Defendants assume for purposes of this motion, based on the suggested nomenclature and further allegations, that Plaintiff meant to state all "similarly-situated persons who were/are employed as instructors and/or in similar positions in *California*…"

[3]    Plaintiff mistakenly states that all named Defendants are New York corporations.  The California Defendants are California domestic corporations with a contact address in New York.  See search results from the California Secretary of State Online Business Entity Search Engine attached to the Anthony Decl. as Exhibit "B."

efficiency and where the proposed severed claims do not share common questions of law with the non-severed claims, as well as where different witnesses and documentary proof are required for the severed and non-severed claims. See Cestone v. General Cigar Holdings, Inc., 00 Civ. 3688 (RCC)(DF), 2002 U.S. Dist. LEXIS 4504, *6 (S.D.N.Y. Mar. 18, 2002). These factors – judicial economy, as well as disparate legal questions, witnesses, and documents – are present in this case. Moreover, Plaintiff's own proposal of two separate and distinct classes, with separate and distinct legal claims attached to each class, highlights the severability of the claims in question.

Plaintiff's first and second claims for failure to pay the minimum wage and pay wages with requisite frequency under the NYLL merit dismissal pursuant to Bell Atl. Corp. v. Twombley, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106 (2d Cir. 2013) and other instructive Second Circuit decisions which state that basic allegations as to rate of pay and hours worked per week are required to state a cause of action for wage claims. Here, Plaintiff alleges neither. Plaintiff's failure dooms his first and second causes of action, as the NYLL does not require that employees be paid by the hour, but that the employee's aggregate rate for hours worked is equal or greater to the applicable minimum wage rate. See N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.16.

Further, under New York law, employers do not have to reimburse employees for business expenses, including for tools of the trade, so long as not doing so does not reduce the employee's wage below the minimum wage. See Lin v. Benihana Nat'l Corp., 10 Civ. 1335 (VM)(JCF), 2010 U.S. Dist. LEXIS 132871, *15-17 (S.D.N.Y. Nov. 9, 2010). Accordingly, as the Complaint fails to set forth sufficient factual allegations showing that any unreimbursed

business expenses reduced Plaintiff's wages below the applicable minimum wage rate, Plaintiff's third claim for relief should also be dismissed as a matter of law.

Based on the foregoing, and the reasons set forth below, Plaintiff's first, second and third claims for relief should be dismissed and Plaintiff's fifth, sixth, seventh, eighth and ninth claims for relief should be severed.

### FACTUAL ALLEGATIONS[4]

Plaintiff alleges he commenced employment with SoulCycle as an indoor cycling instructor on or about April 16, 2009.  (Compl. ¶29).  Plaintiff claims that he taught classes at many SoulCycle locations, including but not limited to, Tribeca, Upper East Side, Upper West Side, Union Square, NoHo, Scarsdale, Bridgehampton and East Hampton in New York and Santa Monica and West Hollywood in California.  (Compl. ¶30).  Plaintiff never provides the dates of when he taught classes in New York or in California.

Plaintiff alleges that, in addition to the classes he taught, he had to perform a variety of other tasks, including but not limited to, "training, preparing for classes, developing routines, compiling playlists, communicating with customers, attending meetings, leading special event classes and engaging in marketing."  (Compl. ¶32).  Plaintiff alleges that these tasks required an additional 15 to 25 hours per week of his time.  (Compl. ¶40).  Plaintiff alleges that he was not compensated for time spent on these additional tasks.  (Compl. ¶34).  Instead, Plaintiff alleges that he was paid "strictly on a per class basis."  (Compl. ¶33).  However,

---

[4]     Defendants are bound to accept Plaintiff's factual allegations as true for the purposes of this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), but are permitted to introduce extrinsic evidence in the context of the motion to sever.  See In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) cert. denied 552 U.S. 1291 (2008). However, Defendants posit that consideration of Plaintiff's employment contract and related documents are appropriate with respect to the motion to dismiss Plaintiff's NYLL claims as they are integral to the Complaint.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002);  see also  Int'l Audiotext Network v. American Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995) (holding that a court may take a document into consideration without converting a motion to dismiss to a summary judgment motion, even if the document was not attached to the complaint, when said document is integral to the complaint.)

Plaintiff never states what he was paid "per class" during the relevant time periods. Nor does Plaintiff ever state how many classes, exactly or approximately, he taught weekly, monthly, or on any other basis during the relevant time period or, accordingly, how many hours, exactly or approximately, he worked per week (class time plus alleged additional tasks). In other words, he alleges he was paid on something other than an hourly basis but never states what he earned or how many hours he worked each week.

While Plaintiff references the terms of his agreement with Defendants in Paragraph 32 of his Complaint, he does not incorporate any written agreement into the Complaint. (Id. ¶32). However, at all times during his employment Plaintiff was subject to an employment contract. The contracts and their incorporated documents state that Plaintiff was paid at a rate of $130.00 for each class he taught.[5] See Employment Contracts and Incorporated Documents attached to the Affidavit of Kevin Morris ("Morris Aff.") as Exhibit "1." Significantly, the contracts expressly state that Plaintiff was expected to engage in certain activities in conjunction with his teaching no less than 11 classes per week, such as attending staff meetings, CPR training, and continuing education sessions, in addition to compiling playlists, contributing to the SoulCycle website, being available for press at SoulCycle's request and arriving early for class to set up new riders.[6] See Morris Aff. Exhibit "1."

Plaintiff further alleges that he was required to incur business expenses for "items necessary to perform his job including but not limited to MP3 players, ipods [sic], music, CDs, computers, mixing software, and travel expenses." (Compl. ¶35). Plaintiff alleges he was never

---

[5]    Plaintiff's initial rate of pay increased from $130 per class taught to $385 per class taught by the time of his termination. See Morris Aff. ¶3.

[6]    Plaintiff's allegations in Paragraph 32 of the Complaint, heavily relying on and mirroring Plaintiff's contract language, state that "Mr. Oram was required not only [sic] lead spin classes, but also perform a variety of other tasks including but not limited to training, preparing for classes, developing routines, compiling playlists, communicating with customers, attending meetings, leading special event classes and engaging in marketing." (Id. ¶32).

reimbursed for these business expenses.  (Compl. ¶35).  Plaintiff never alleges a total amount

(approximate or otherwise) for his alleged unreimbursed business expenses.

Plaintiff's employment with SoulCycle ended on or about April 15, 2013.

(Compl. ¶29).

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S CALIFORNIA CLAIMS AS WELL AS THE CALIFORNIA DEFENDANTS SHOULD BE SEVERED AND DISMISSED.

**A.    LEGAL STANDARD.**

On the face of the Complaint it is clear that Plaintiff's separate and distinct state

law claims do not share common questions of law.  Moreover, it is clear that judicial economy is

not facilitated by a New York court presiding over a class action brought solely under California

law.    The prejudice to Defendants, especially the California Defendants, is self-evident as

different witnesses will be necessary to prosecute and defend the California claims.  As set forth

below, several factors weigh in favor of severing the California claims from this action.

Fed. R. Civ. P. Rule 21 provides that:

> Parties may be dropped or added by order of the court on motion of any party or
> of its own initiative at any stage of the action and on such terms as are just. Any
> claim  against a party may be severed and proceeded with separately.

Id.   "[S]evered claims become entirely independent actions to be tried, and judgment entered

thereon, independent."  Cestone v. General Cigar Holdings, Inc., 00 Civ. 3688 (RCC)(DF), 2002

U.S. Dist. LEXIS 4504, *6 (S.D.N.Y. Mar. 18, 2002) (internal citation omitted).  The trial court

has broad discretion in determining whether to sever claims under Fed. R. Civ. P. Rule 21. Id.

Courts in this Circuit consider the following factors in determining if severance is appropriate:

(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.  Id. at *7.   Significantly, "[s]everance requires the presence of only one of these conditions."  Id.

## B.   CLAIMS OF THE PUTATIVE CALIFORNIA AND NEW YORK CLASSES DO NOT SHARE COMMON QUESTIONS OF LAW OR FACT, WITNESSES OR DOCUMENTS.

Courts have often severed the claims of plaintiffs who reside and were injured out of the court's jurisdiction.  See Costello v. Home Depot U.S.A., Inc., 888 F.Supp. 2d 258, 264-66 (D.Conn. 2012) (finding that the relevant factors, including the substantial factual differences between the different plaintiffs, despite their sharing a job description, as well as concerns for jury confusion favored severance of non-Connecticut claims into separate actions).  Similarly to the case at hand, in Wilkes v. Genzyme Corp., Plaintiffs alleged wage and hour violations solely under state law, on behalf of Plaintiffs who were employed by Defendant in six different states. Civ. No.  WMN-10-1683, 2011 U.S. Dist. LEXIS 49881 (D. Md. May 10, 2011).  In Wilkes, the district court stated that even if the differences in the substantive law of the six states were minor, the potential for jury confusion was great.  Id. at *6.  Accordingly, after noting that other courts have found for severance when faced with the joinder of plaintiffs that would require the application of the law of multiple states in a single proceeding, the Maryland District Court in Wilkes severed the claims of all out-of state plaintiffs and dismissed them from the case.  Id. at *7-8, citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296-97 (9th Cir. 2000) (holding that the district court did not abuse its discretion when it severed the claims of three of the ten plaintiffs, as, among other reasons, not severing their claims would lead to potential prejudice to

the defendants in part due to legal confusion as the jury would have had to evaluate state law claims under the differing laws of each plaintiff's state); Boschert v. Pfizer, Inc., No. 4:08-CV-1714(CAS), 2009 U.S. Dist. LEXIS 41261 (E.D. Mo. May 14, 2009) (granting severance of the non-resident state plaintiffs, in part because multiple sets of jury instructions would be required to encompass the laws from multiple states, and allowing the severed plaintiffs to re-file their separate complaints against the defendant in the court of their choosing, provided they could meet jurisdictional and venue requirements.)[7]

Similarly to Wilkes, in the instant case, Plaintiff alleges claims under New York and California state law for two proposed classes, the New York Class and the California Class. Plaintiff has not pled any overarching legal claims – such as the FLSA – that would encompass members from both classes.  All claims of the California Class arise solely under California state law and, due to differences between the CLC and NYLL, there are unlikely to be questions of law or fact common to the two classes.[8]  For example, as referenced above, under New York law whether or not an employer must reimburse business expenses is dependent in part on whether or not the expenditure reduces the plaintiff's pay below that of the applicable minimum wage (see Lin v. Benihana Nat'l Corp., 10 Civ. 1335 (VM)(JCF), 2010 U.S. Dist. LEXIS 132871, *15-17 (S.D.N.Y. Nov. 9, 2010)); however, under the CLC, an employee must be reimbursed for

---

[7]     As in Wilkes, in the instant case, dismissal of all severed claims is appropriate as Plaintiff can re-file his claims in the appropriate jurisdiction.  2011 U.S. Dist. LEXIS 49881 at *8, FN3.

[8]     In the instant case, Plaintiff's employment was subject to an individualized contract which set forth the rate and manner of his pay and the terms and conditions of his employment, which included certain activities outside of teaching indoor cycling classes like staff meetings, compiling playlists, and offering content for the company website.  (See Morris Aff. Ex. "1.")  Plaintiff has made no allegation that all putative plaintiffs were subject to the same contract; in fact, as discussed elsewhere, Plaintiff has not discussed his employment contract at all.  Even assuming *arguendo* that all putative plaintiffs had exactly the same contract language and performed the same pre- and post-class activities as Plaintiff – of which there is no evidence and no allegations – severance of the California Claims would still be appropriate as any analysis of the scope of such contracts would be subject to differing state contract interpretation laws.  Wilkes, 2011 U.S. Dist. LEXIS 49881 at *5 (finding that the breach of contract claims alleged for all Plaintiffs "are not common to all Plaintiffs as they are also governed by the unique law of the different states in which each particular Plaintiff was employed. … the common law governing the interpretation of contracts varies significantly from state to state.")

"necessary" business expenses.  See CAL. LAB. CODE §2802.  The fact that Plaintiff's California claims require a different analysis from his New York claims would likely lead to confusing jury instructions should both sets of claims remain in the case.

Further, as stated above, the California Defendants are in fact California corporations.  Moreover, it is likely to assume that putative plaintiffs, witnesses, and documents relevant to the California Claims are located in California.  See Acevdeo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 522 (5th Cir. 2010) (holding that courts have considerable discretion in determining whether trying claims together would be too challenging logistically in light of the different witnesses and documentary proof required for each putative plaintiff's alleged claim.)  In light of the above, Defendants will suffer prejudice if the California Claims are brought with the New York Claims  in front of a New York jury.  Accordingly, severance of all California claims, namely Plaintiff's fifth, sixth, seventh, eighth and ninth claims, as well as the California Defendants, is appropriate.

## POINT II

## PLAINTIFF'S NEW YORK CLAIMS MERIT DISMISSAL AS A MATTER OF LAW.

### A.   LEGAL STANDARD.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Court must accept the factual allegations made by the non-moving party as true and "draw all inferences in the light most favorable to the non-moving party's favor."  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) cert. denied 552 U.S. 1291 (2008).  While the pleading standard is flexible, it is not without boundaries.  The Court need not "accord legal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness."  Id. (internal citations

-9-

omitted).  Accordingly, legal conclusions "must be supported by factual allegations." <u>Ashcroft v. Iqbal,</u> 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." <u>Id.</u> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Desilva v. North Shore-Long Island Jewish Health Sys., Inc.,</u> 770 F. Supp. 2d 497, 506 (E.D.N.Y. 2011) citing to <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")  "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." <u>Iqbal,</u> 556 U.S. at 664.  The factual allegations must instead "possess enough heft to show that the pleader is entitled to relief." <u>Twombly,</u> 550 U.S. at 557.  Therefore, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." <u>Id.</u> at 570; <u>Iqbal,</u> 556 U.S. at 680; <u>see also</u> <u>Lundy,</u> 711 F.3d at 115 (finding that plaintiff's sparse allegations which theoretically could put her over the 40-hour mark in one or another unspecified week(s) were insufficient to support her claims of overtime violations and "suppl[ied] nothing but low-octane fuel for speculation, not the plausible claim that is required.")

**B.     <u>PLAINTIFF'S MINIMUM WAGE CLAIMS UNDER NYLL FAIL TO STATE A CLAIM BECAUSE PLAINTIFF WAS ALWAYS PAID FAR MORE THAN THE MINIMUM WAGE FOR ALL HOURS WORKED.</u>**

In an action to recover unpaid wages under the NYLL, a plaintiff must show that (1) he was an "employee" as defined by the statute; (2) defendant was his "employer" as defined by the statute; and (2) he was paid a wage of less than the applicable statutory minimum wage

for each hour worked.  See NYLL § 652.  The NYLL does not require that employees be paid by the hour, only that the total wages paid to the employee are equal or greater to the total sum of the applicable minimum wage rate times the number of hours worked by the employee. NYLL § 190(1) (defining wages as "the earnings of an employee for labor services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis");  see N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.16 ("The term regular rate shall mean the amount that the employee is regularly paid for each hour of work.  When an employee is paid on a piece-work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings.");  see Severin v. Project OHR, Inc., 10 Civ. 9696 (DLC), 2012 U.S. Dist. LEXIS 85705, *35 (S.D.N.Y. Jun. 20, 2012) (finding that as putative plaintiffs in a class action were paid $136.95 for each shift totaling a potential 16 compensable hours, putative plaintiff's rate of compensation was $8.55 per hour which was greater than the applicable minimum wage rate.)

In his Complaint, Plaintiff concedes that he was not paid based on an hourly rate but rather paid based on the number of classes he taught in each work week.  (Compl. ¶33).  Plaintiff also concedes, as he must, that his duties included teaching classes, training, preparing for classes, compiling playlists, attending meetings, and communicating with customers. (Compl. ¶32).  Plaintiff's then baldly asserts that he was not paid minimum wage, or any wage at all, for the hours he allegedly spent performing these duties, but rather his wages were only meant to compensate him for teaching his indoor cycling classes.  (Compl. ¶34).  Plaintiff's conclusory allegations, which directly contradict his employment contracts, are insufficient to survive a motion to dismiss.  It is not enough for Plaintiff to make conclusory allegations that he was not paid minimum wage for hours worked, especially when he concedes that he was not paid

on an hourly basis.  See generally Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Walz v. 44 & X, 12 Civ. 5800(CM), 2012 U.S. Dist. LEXIS 161382, *11 (S.D.N.Y. Nov. 7, 2012) (finding that simply stating Plaintiffs were not paid for overtime work does not sufficiently allege a wage and hour violation).  "Twombly and Iqbal require that a complaint allege enough facts to plausibly support entitlement to relief sought. … Moreover, whether or not a complaint survives a 12(b)(6) motion depends on the *quality* of facts alleged, not quantity."  Walz v. 44 & X, 12 Civ. 5800(CM), 2012 U.S. Dist. LEXIS 161382, *10-11 (S.D.N.Y. Nov. 7, 2012).  Accordingly, to survive a motion to dismiss, Plaintiff's claim for minimum wage violations must be supported by factual allegations sufficient to establish that his weekly per class rate divided by his hours worked  fell under that of the applicable minimum wage for specified workweeks.  See generally Twombly, 550 U.S. at 555; see  N.Y. COMP. CODES R. & REGS. tit 12, § 142-2.16; see also Lundy v. Catholic Health Sys. Of Long Island, Inc., 711 F.3d 106 (2d Cir. 2013)(granting dismissal of  plaintiffs' claims for alleged unpaid overtime several times due to the paucity of facts alleged and the conclusory nature of allegations such as plaintiff "occasionally" worked an additional shift or meal breaks were "typically" missed or interrupted which did not specify which weeks such actions occurred.)   The sole issue in the instant case – despite Plaintiff's attempts to confuse the matter – is whether Plaintiff received wages that, when divided by the number of hours he allegedly worked, resulted in him receiving at least the applicable minimum wage for those hours.  As discussed below, Plaintiff earned a calculated hourly rate significantly above any of the applicable minimum wage rates.

Plaintiff attempts to circumvent the pleading requirements by alleging that his "per class compensation was not intended to and did not compensate Mr. Oram for time spent performing other tasks that were required of him as a SoulCycle employee."  (Compl. ¶34).

However, Plaintiff's own Contract states that his compensation was for "all Services rendered by Employee in connection with Employee's employment" and describes such services as including, but not limited to, teaching no less than 11 classes per week, attending regular staff meetings, attending continuing education sessions, compiling playlists and contributing to the Company's music library, offering content for the Company's website, and setting up new riders for the class.  (See Morris Aff. Ex. "1.")[9]  This list of Services, enumerated in Plaintiff's Contract, include the *same* list of tasks Plaintiff concedes he was required to perform in Paragraph 32 of the Complaint but contends his compensation was not intended to cover. Plaintiff's argument that such "additional tasks" were not covered by his pay rate is a red herring.  As discussed, not only were said tasks enumerated in his employment contract but under the NYLL, Defendants were allowed to pay Plaintiff by piece-rate, commission, salary, hourly or otherwise as long as Plaintiff's pay rate did not drop below the applicable minimum wage rate.

Further, Plaintiff's Complaint fails to state Plaintiff's actual rate of pay (per class or otherwise), nor does he allege his total number of hours worked per week.  Plaintiff's offer letter, dated January 4, 2010 (a copy of which is attached to the Morris Aff. as Exhibit "1"), states that Plaintiff was paid at a rate of $130 per class with a schedule of at least eleven classes

---

[9]    "[W]here a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).  Further, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." Int'l Audiotext Network v. American Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995).  Plaintiff's offer letter and employment agreements are rendered integral to the Complaint for several reasons.  First,  Plaintiff's second claim for relief indirectly references Plaintiff's offer letter and employment agreements, where it states that Defendants failed to pay Plaintiff with the "requisite frequency" required under the NYLL and in accordance with [his] *agreed upon terms of employment*."  (emphasis added). Second, Plaintiff's claims rely heavily upon the terms of his employment relating to his wages, which are contained and encapsulated in Plaintiff's offer letter and employment agreements.  Accordingly, Plaintiff's offer letter and employment agreement should be considered in connection with the Plaintiff's Complaint and this Motion.

per week.  See Morris Aff. Ex. "1."   The Complaint states that each class was 45 minutes long and that Plaintiff worked an additional 15 to 25 hours per week in addition to his class schedule. (Compl. ¶40).  Accordingly, Plaintiff worked a total of 23.25 to 33.25 hours a week and was paid at least $1430 each week.[10]   Therefore, Plaintiff's rate of pay ranged anywhere from $43.00 to $60.55 per hour, dependent on the total number of hours worked per week.  *Even the lowest potential rate of pay of $43.00 an hour is significantly above any of the applicable minimum wage rates*.[11]   Further, Plaintiff's second claim for relief, that he and the New York Class were not paid "all their wages with the requisite frequency" rests on Plaintiff's allegations that he was not paid a proper wage for his non-class time work.  As Plaintiff has not adequately pled that he was not paid the appropriate minimum wage under the NYLL for all hours worked, Plaintiff's second claim for relief should be dismissed for failure to state a claim.  Accordingly, for the reasons detailed above, Plaintiff's first and second claims for relief fail as a matter of law.

C.    **PLAINTIFF'S CLAIMS UNDER THE NYLL FOR BUSINESS EXPENSE REIMBURSEMENT FAIL BECAUSE HE ALWAYS EARNED IN EXCESS OF THE MINIMUM WAGE.**

Plaintiff's third claim for relief alleges unlawful deductions from his wages. (Compl. ¶85).  Specifically, Plaintiff states that his allegedly unreimbursed business expenses "for items necessary to perform his job including but not limited to MP3 players, ipods, music, CDs, computers, mixing software, and travel expenses," equated to an unlawful deduction of his wages under NYLL §193 and 12 N.Y.C.R.R. § 142-2.10.  (Compl. ¶¶35, 84-89).  However, it is well-settled that under New York law, employers do not have to reimburse employees for business expenses, including "tools of the trade," so long as not doing so does not reduce the

---

[10]      If Plaintiff worked eleven classes, each 45 minutes long, his total class time was eight hours and fifteen minutes a week.  Additionally, Plaintiff's original rate of pay was $130 per class, with eleven classes scheduled per week, giving him a total of $1430 a week.  Plaintiff's rate of pay increased up to a top rate of $385 per class during his time with SoulCycle, but for the sake of this motion, Defendants use Plaintiff's initial rate.  See Morris Aff. ¶3.

[11]      New York's minimum wage rate during the relevant time period was $7.15 to $7.25/hr.

employee's wage below the minimum wage.  See <u>Lin v. Benihana Nat'l Corp.</u>, 10 Civ. 1335 (VM)(JCF), 2010 U.S. Dist. LEXIS 132871, *15-17 (S.D.N.Y. Nov. 9, 2010) (finding that as employers can require employees to bear the costs of tools of the trade as long as it does not reduce their wages below minimum wage, plaintiffs failed to present their allegations with sufficient specificity because they did not provide details regarding the cost of the tools each purchased, nor did they state whether those costs reduce their wages below the minimum threshold); <u>see</u> <u>also</u> <u>Maldonado v. La Nueva Rampa, Inc.</u>, 10 Civ. 8195 (LLS)(JLC), 2012 U.S. Dist. LEXIS 67058, *25 (S.D.N.Y. May 14, 2012) (holding that employees could recover the costs of their equipment and repairs *because* such costs dropped the employees below the minimum wage.)  Accordingly, Plaintiff must make sufficient factual allegations showing that any unreimbursed business expenses reduced his wages to below the applicable minimum wage rate.  See <u>id.</u>

However, as discussed above, Plaintiff has neither provided his rate of pay nor his total number of hours worked per week.  And yet, Plaintiff's offer letter and Contracts, when read in conjunction with Plaintiff's Complaint, establish that Plaintiff always earned significantly more than the applicable minimum wage.  Plaintiff's conclusory allegations that he was never reimbursed for alleged business expenses are simply not enough to properly plead a claim under the NYLL.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this Court should (1) sever the California Claims and Parties, and (2) dismiss, with prejudice, Plaintiffs' first and second claims for relief, as to wage claims under the NYLL, and Plaintiffs' third claim for relief for unlawful deductions under the NYLL, brought on behalf of Plaintiff Nick Oram and the putative class members for failure to state a claim.

JACKSON LEWIS LLP

By:        /S/William J. Anthony
         William J. Anthony (WA 2468)
         Samantha Abeysekera (SA 8198)
         Joanna S. Smith (JS 6471)

         666 Third Avenue
         New York, New York 10017
         (212) 545-4000

         *ATTORNEYS FOR DEFENDANTS*

Dated: June 11, 2013
       New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Douglas Wigdor, Esq.
David E. Gottlieb, Esq.
THOMPSON WIGDOR LLP
*ATTORNEYS FOR PLAINTIFF*
85 Fifth Avenue
New York, New York 10003

___S/ Joanna S. Smith_____
Joanna S. Smith, Esq.

4814-4464-7956, v. 2