JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
666 Third Avenue
New York, New York 10017-4030

ATTORNEYS OF RECORD:
     WILLIAM J. ANTHONY (WA 2468)
     SAMANTHA ABEYSEKERA (SA 8198)
     JOANNA S. SMITH (JS 6471)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

NICK ORAM, on behalf of himself and on
behalf of all other similarly situated persons,

                              Plaintiff,

          -against-

SOULCYCLE LLC, SOULCYCLE
HOLDINGS LLC, SOULCYCLE 384
LAFAYETTE STREET, LLC,
SOULCYCLE 350 AMSTERDAM, LLC,
SOULCYCLE 609 GREENWICH STREET,
LLC, SOULCYCLE BRIDGEHAMPTON,
LLC, SOULCYCLE EAST 18TH STREET,
LLC SOULCYCLE EAST 63RD STREET,
LLC, SOULCYCLE EAST HAMPTON,
LLC, SOULCYCLE ROSLYN LLC,
SOULCYCLE SCARSDALE LLC,
SOULCYCLE TRIBECA, LLC,
SOULCYCLE WEST 19TH STREET, LLC,
SOULCYCLE BRENTWOOD, LLC,
SOULCYCLE SANTA MONICA, LLC, and
SOULCYCLE WEST HOLLYWOOD, LLC,

                              Defendants.

--------------------------------------------------------x

Civ. No.:  13 CV 2976 (RWS)

**DECLARARATION OF WILLIAM J.**
**ANTHONY, ESQ. IN SUPPORT OF**
**DEFENDANTS' MOTION TO SEVER**
**PLAINTIFFS' CALIFORNIA CLAIMS**
**AND PARTIES PURSUANT TO FED. R.**
**CIV. P. 21 AND TO DISMISS**
**PLAINTIFF'S COMPLAINT**
**PURSUANT TO FED R. CIV. P. 12(b)(6)**

          Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following

is true and correct:

1.  I am a member of the Firm Jackson Lewis LLP, 666 Third Avenue, New York, New York 10017, attorneys of record for Defendants SoulCycle LLC, SoulCycle Holdings, LLC, SoulCycle 384 Lafayette Street, LLC, SoulCycle 350 Amsterdam, LLC, SoulCycle 609 Greenwich Street, LLC, SoulCycle Bridgehampton, LLC, SoulCycle East 18th Street, LLC, SoulCycle East 63rd Street, LLC, SoulCycle East Hampton, LLC, SoulCycle Roslyn, LLC, SoulCycle Scarsdale, LLC, SoulCycle Tribeca, LLC, SoulCycle West 19th Street, LLC, SoulCycle Brentwood, LLC, SoulCycle Santa Monica, LLC, and SoulCycle West Hollywood, LLC (collectively hereinafter "Defendants") in connection with the above-captioned action. I am fully familiar with the facts set forth herein, and make this Declaration in support of Defendants' Motion to Sever Plaintiffs' California Claims and Parties pursuant to Fed. R. Civ. P. 21 and to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

2.  Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Complaint in this matter.

3.  Attached hereto as Exhibit "B" is a true and correct copy of the search results from the California Secretary of State Online Business Entity Search Engine for the California Parties.

I declare under the penalty of perjury that the forgoing is true and correct.

/s/   William J. Anthony
Affirmed this 11th day          William J. Anthony (WA 2468)
of June, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Douglas Wigdor, Esq.
David E. Gottlieb, Esq.
THOMPSON WIGDOR LLP
*ATTORNEYS FOR PLAINTIFF*
85 Fifth Avenue
New York, New York 10003

S/ Joanna S. Smith
Joanna S. Smith, Esq.

4819-1801-5508, v. 2

# Exhibit A

JUDGE SWEET

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

13 CV 2976

NICK ORAM, on behalf of himself and on behalf of all other similarly situated persons,

             Plaintiff,

      v.

SOULCYCLE, LLC, SOULCYCLE HOLDINGS LLC, SOULCYCLE 384 LAFAYETTE STREET, LLC, SOULCYCLE 350 AMSTERDAM, LLC, SOULCYCLE 609 GREENWICH STREET, LLC, SOULCYCLE BRIDGEHAMPTON, LLC, SOULCYCLE EAST 18TH STREET, LLC, SOULCYCLE EAST 63RD STREET, LLC, SOULCYCLE EAST HAMPTON, LLC, SOULCYCLE ROSLYN, LLC, SOULCYCLE SCARSDALE LLC, SOULCYCLE TRIBECA, LLC, SOULCYCLE WEST 19TH STREET, LLC, SOULCYCLE BRENTWOOD, LLC, SOULCYCLE SANTA MONICA, LLC, and SOULCYCLE WEST HOLLYWOOD, LLC,

             Defendants.

Civil Action No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Nick Oram ("Plaintiff"), on behalf of himself and on behalf of all other similarly situated persons, by and through counsel, Thompson Wigdor LLP, as and for the Complaint in this action against Defendants SoulCycle LLC, SoulCycle Holdings, LLC, SoulCycle 384 Lafayette Street, LLC, SoulCycle 350 Amsterdam, LLC, SoulCycle 609 Greenwich Street, LLC, SoulCycle Bridgehampton, LLC, SoulCycle East 18th Street, LLC, SoulCycle East 63rd Street, LLC, SoulCycle East Hampton, LLC, SoulCycle Roslyn, LLC, SoulCycle Scarsdale, LLC, SoulCycle Tribeca LLC, SoulCycle West 19th Street, LLC, SoulCycle Brentwood, LLC, SoulCycle Santa Monica, LLC and SoulCycle Hollywood, LLC ("SoulCycle" or "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1.     SoulCycle's wage and hour violations are "spinning" out of control and this lawsuit attempts to "hit the brakes" on these unlawful practices. SoulCycle has built its brand of so-called "revolutionary indoor cycling" (commonly referred to as "spin" or "spinning") by providing what it describes as the "best instructors and staff, trained to deliver unique services and personal attention to all levels of riders." However, while SoulCycle has built its highly successful and profitable business on the backs of the "best instructors" in the industry, SoulCycle has failed to compensate these instructors for numerous hours spent in training, preparing for classes, developing routines, compiling playlists, communicating with customers, attending meetings, leading special event classes and engaging in marketing efforts. In fact, despite the dozens of hours per week these instructors are required to work above and beyond the time instructing a class, SoulCycle compensates these instructors for only the approximately 45 grueling minutes during which each class is taught. SoulCycle's unlawful wage practices are consistent with its mistreatment of customers – amazingly, SoulCycle does not provide any reimbursement to customers who are unable to attend classes they sign up for (unless they cancel the class by 5:00 pm the night before), even when SoulCycle is able to re-sell the vacant bike spot. As a result, SoulCycle very often generates revenue from classes at a rate that *exceeds* the total number of bikes in a studio, to the detriment of its customers. Plaintiff and all other similarly situated SoulCycle instructors are entitled to be paid for all hours they work and are required to work.

## NATURE OF THE CLAIMS

2.     Plaintiff brings this action, on behalf of himself and on behalf of all other similarly situated persons, to recover damages due to Defendants' violations of the New York

Labor Law ("NYLL"), the California Labor Code ("CLC"), and the Unfair Competition and Business Practices Act ("UCL").

3.  Plaintiff's claims under the NYLL, CLC and UCL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of himself and on behalf of all other similarly-situated persons who were/are employed as instructors and/or in similar positions during the applicable statutory limitations periods, to the date of the final disposition of this action.

4.  Plaintiff and all other similarly-situated persons who were/are employed as instructors and/or in similar positions in New York from May 2, 2007 to the present ("New York Class Period") are jointly referred to herein as the "New York Class." Plaintiff is a member of the New York Class as he worked for Defendants in New York during the New York Class Period.

5.  Plaintiff and all other similarly-situated persons who were/are employed as instructors and/or in similar positions in New York from May 2, 2009 to the present ("California Class Period") are jointly referred to herein as the "California Class." Plaintiff is a member of the California Class as he worked for Defendants in California during the California Class Period.

6.  The New York Class and the California Class are similarly situated because, *inter alia*, during the New York Class Period and California Class Period, they were all subject to Defendants' common policy and/or practice of not paying the prevailing minimum wage for all hours worked, not paying wages for certain hours worked whatsoever, making unlawful wage deductions, failing to reimburse for business expenses and failing to provide accurate wage statements.

## JURISDICTION AND VENUE

7.    Pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2) *et seq.*, the Court has diversity jurisdiction because this is a class action, at least one class member is diverse from at least one defendant, and there is more than $5,000,000 in controversy.

8.    Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

9.    Plaintiff's claims are properly consolidated with the other members of the New York Class and the California Class as a single action because his claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## PARTIES

10.    Plaintiff Nick Oram is a resident of the State and City of New York, and was employed by Defendants both in New York and California from approximately April 16, 2009 to April 15, 2013. At all relevant times, he was an "employee" within the meaning of all applicable statutes.

11.    Defendant SoulCycle is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007. At all relevant times, SoulCycle was an "employer" within the meaning of all applicable statutes.

12.    Defendant SoulCycle, LLC is a New York corporation with a principal place of business at 117 West 72nd Street, New York, NY 10023. Defendant SoulCycle Holdings, LLC is subsidiary of Equinox Holdings LLC that owns and operates fitness centers.

13.     Defendant SoulCycle Holdings, LLC is a New York corporation with a principal place of business at 1470 Third Avenue, New York, NY 10028.  Defendant SoulCycle Holdings, LLC is subsidiary of Equinox Holdings LLC that owns and operates fitness centers.

14.     Defendant SoulCycle 384 Lafayette Street, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle 384 Lafayette Street, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 384 Lafayette Street, New York, NY 10012.

15.     Defendant SoulCycle 350 Amsterdam, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle 350 Amsterdam, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 350 Amsterdam Avenue, New York, NY 10023.

16.     Defendant SoulCycle 609 Greenwich Street, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle West 19th Street, LLC is a subsidiary of Equinox Holdings LLC that owns and operates fitness centers.

17.     Defendant SoulCycle Bridgehampton, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle Bridgehampton, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 264 Butter Lane, Bridgehampton, NY 11932.

18.     Defendant SoulCycle East 63rd Street, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle East 63rd Street, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 140 East 63rd Street, New York, NY 10065.

5

19.     Defendant SoulCycle East 18th Street, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle East 18th Street, LLC is a subsidiary of Equinox Holdings LLC that owns and operates fitness centers.

20.     Defendant SoulCycle East Hampton, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle East Hampton, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 69 Newtown Lane, East Hampton, NY 11937.

21.     Defendant SoulCycle Roslyn, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle Roslyn, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 250 South Service Road, Roslyn Heights, NY 11577.

22.     Defendant SoulCycle Scarsdale, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle Scarsdale, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 7 Popham Road, 2nd Floor, Scarsdale, NY 10583.

23.     Defendant SoulCycle Tribeca, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle Tribeca, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 103 Warren Street, New York, NY 10007.

24.     Defendant SoulCycle West 19th Street, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle

6

West 19th Street, LLC is a subsidiary of Equinox Holdings LLC that owns and operates fitness centers.

25.     Defendant SoulCycle Brentwood, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle Brentwood, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 11640 San Vicente Boulevard, Los Angeles, CA 90049.

26.     Defendant SoulCycle Santa Monica, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle Santa Monica, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 120 Wilshire Boulevard, Santa Monica, CA 90401.

27.     Defendant SoulCycle West Hollywood, LLC is a New York corporation with a principal place of business at 103 Warren Street, New York, NY 10007.  Defendant SoulCycle West Hollywood, LLC is a subsidiary of Equinox Holdings LLC that owns and operates a fitness center at 8570 Sunset Boulevard, West Hollywood, CA 90069.

28.     At all relevant times, the SoulCycle entities were run as, and remain, a single business enterprise, and employed Plaintiff, the New York Class and the California Class as joint employers and/or as a single employer.

## FACTUAL ALLEGATIONS

29.     In or around April 16, 2009, Plaintiff Nick Oram commenced employment with SoulCycle as one of the company's first spin instructors.  Mr. Oram was recruited from California due to his strong following and reputation as a premiere spin instructor.  Mr. Oram's employment with SoulCycle ended on or around April 15, 2013.

7

30.     Throughout Mr. Oram's employment at SoulCycle, Mr. Oram taught classes in numerous locations throughout New York and California including but not limited to Tribeca, Upper East Side, Upper West Side, Union Square, NoHo, Scarsdale, Bridgehampton and East Hampton in New York and West Hollywood and Santa Monica in California.

31.     Generally, SoulCycle classes are approximately 45 minutes.

32.     As a spin instructor and throughout his employment, Mr. Oram was required to not only lead spin classes, but also perform a variety of other tasks including but not limited to training, preparing for classes, developing routines, compiling playlists, communicating with customers, attending meetings, leading special event classes and engaging in marketing.

33.     Throughout the duration of Mr. Oram's employment at SoulCycle, he was paid strictly on a per class basis; that is, a flat rate for each class taught regardless of the length of the class.

34.     The per class compensation was not intended to and did not compensate Mr. Oram for the time spent performing other tasks that were required of him as a SoulCycle employee, including but not limited to training, preparing for classes, developing routines, compiling playlists, communicating with customers, attending meetings, leading special event classes and engaging in marketing.  Mr. Oram was not compensated in any manner for any of these other tasks that were required of him as a SoulCycle employee.

35.     Throughout the duration of Mr. Oram's employment at SoulCycle, he was required to incur business expenses for items necessary to perform his job including but not limited to MP3 players, ipods, music, CDs, computers, mixing software, and travel expenses. Mr. Oram was never reimbursed for these business expenses.

8

36.     Throughout the duration of the New York Class Period and the California Class Period and to the present, all members of the New York Class and the California Class were/are also paid on a per class basis.

37.     Throughout the duration of the New York Class Period and the California Class Period and to the present, the members of the New York Class and the California Class were/are required to not only lead spin classes, but also perform a variety of other tasks including but not limited to training, preparing for classes, developing routines, compiling playlists, communicating with customers, attending meetings, leading special event classes and engaging in marketing.

38.     Throughout the duration of the New York Class Period and the California Class Period and to the present, the per class compensation was/is not intended to and did/does not compensate the members of the New York Class and the California Class for the time spent performing these other tasks that were/are required as SoulCycle employees.

39.     Throughout the duration of the New York Class Period and the California Class Period and to the present, the members of the New York Class and the California Class were/are not compensated in any manner for any of these other tasks.

40.     Throughout the duration of the New York Class Period and the California Class Period and to the present, Mr. Oram, and the members of the New York Class and the California Class, would spend and/or are spending approximately 15 to 25 hours per week on uncompensated tasks that were/are separate and distinct from the time spent teaching a class.

41.     Throughout the duration of the New York Class Period and the California Class Period and to the present, Defendants were/are aware that Mr. Oram, and the members of the New York Class and the California Class, have spent and/or are spending approximately 15 to 25

9

hours per week on uncompensated tasks that were/are separate and distinct from the class time and were/are aware that Mr. Oram and the members of the New York Class and the California Class have not and/or are not being compensated for this work.

42.     Throughout the duration of the New York Class Period and the California Class Period and to the present, members of the New York Class and the California Class were/are required to incur business expenses for items necessary to perform their jobs including but not limited to MP3 players, ipods, music, CDs, computers, mixing software, and travel expenses, for which they were/are not being reimbursed.

### RULE 23 CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this as a class action on behalf of both himself and all other similarly situated instructors pursuant to Fed. R. Civ. P. 23.

44.     Plaintiff brings his New York and California claims as a class action pursuant to FRCP 23 on behalf of himself and on behalf of the New York Class and California Class who were/are not paid the prevailing minimum wage for all hours worked, who were/are not furnished accurate wage statements, and whose wages were unlawfully deducted during the New York Class Period and California Class Period, respectively.

45.     The basic job duties of the New York Class and the California Class were/are the same as or substantially similar to those of Plaintiff, and the New York Class and the California Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

46.     The members of the New York Class and the California Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not

10

paying the prevailing minimum wage for all hours worked, failing to furnish accurate wage statements, and making unlawful deductions from wages.

47.     During the New York Class Period and the California Class Period, Defendants were fully aware of the duties performed by Plaintiff and the New York Class and the California Class, and that those duties were not exempt from the minimum wage and other applicable provisions of the NYLL, CLC or UCL and/or its regulations.

48.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL, CLC and UCL and/or its regulations, by not paying the New York Class and the California Class the prevailing minimum wage for all hours worked, by making unlawful deductions from their wages and failing to furnish accurate wage statements.

49.     Defendants' violations of the NYLL, CLC and UCL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff, the New York Class and the California Class.

50.     As a result of Defendants' conduct, Defendants are liable to Plaintiff, the New York Class and the California Class for the full amount of their unpaid minimum wage and wages deducted, plus all other statutory damages and penalties, in addition to attorneys' fees and costs.

51.     Certification of the New York Class and California Class claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the New York Class and the California Class.

52.     Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him individually and on members of the New York Class and the California Class.

11

53.     Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

54.     Certification of the New York Class and the California Class the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the New York Class the California Class and Defendants.

55.     Plaintiff's claims raise questions of law and fact common to the New York Class, including but not limited to:

(a)     Whether Defendants paid Plaintiff and the New York Class on a per class basis;

(b)     Whether Defendants paid Plaintiff and the New York Class for tasks performed outside of the classes taught;

(c)     Whether Defendants failed to pay Plaintiff and the New York Class the prevailing minimum wage for all hours worked during the New York Class Period;

(d)     Whether Defendants made unlawful deductions from the wages of Plaintiff and the New York Class during the New York Class Period;

(e)     Whether Defendants' failure to pay the prevailing minimum wage to Plaintiff and the New York Class constitutes a violation of NYLL §650 *et seq.*;

(f)     Whether Defendants' deductions from the wages of Plaintiff and the NYLL Class constitutes a violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10;

(g)     Whether Defendants' failed to provide Plaintiff and the New York Class with accurate wage statements; and

(h)     Whether Defendants' violations of the NYLL and/or its regulations were willful.

56.     Plaintiff's claims raise questions of law and fact common to the California Class, including but not limited to:

(a)     Whether Defendants paid Plaintiff and the California Class for tasks performed outside of the classes taught;

(b)     Whether Defendants failed to pay Plaintiff and the California Class the prevailing minimum wage for all hours worked during the California Class Period;

(c)     Whether Defendants made unlawful deductions from the wages of Plaintiff and the California Class during the California Class Period;

(d)     Whether Defendants' failure to pay the prevailing minimum wage to Plaintiff and the California Class was willful;

(e)     Whether Defendants' deductions from the wages of Plaintiff and the California Class constitutes a violation of the CLC;

(f)     Whether Defendants' failed to provide Plaintiff and the California Class with accurate wage statements; and

(g)     Whether Defendants failed to properly make final wage payments to members of the California Class who were discharged or voluntarily separated.

57.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

58.     Plaintiff is a member of the New York Class and the California Class that he seeks to represent. Plaintiff's claims are typical of the claims of the New York Class and the California Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class and the California Class.

59.     Plaintiff's interests are co-extensive with those of the New York Class and the California Class that he seeks to represent in this case. Plaintiff is willing and able to represent the New York Class and the California Class fairly and to vigorously pursue their similar individual claims in this action.

13

60.     Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

61.     The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and the New York Class and the California Class claims at issue in this case satisfy the adequacy of representation requirement of FRCP 23(a)(4).

62.     The common issues of fact and law affecting Plaintiff's claims and those of the New York Class and the California Class, including the common issues identified above, predominate over any issues affecting only individual claims.

63.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the New York Class and the California Class. There will be no difficulty in the management of this action as a class action.

64.     The cost of proving Defendants' violations of the NYLL, CLC and UCL makes it impracticable for Plaintiff and the New York Class and the California Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.

65.     The claims of the New York Class and the California Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.

66.     The questions of law and fact common to the New York Class and the California Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

67.     The New York Class and the California Class is so numerous that joinder of all members is impracticable.  While the exact number of the New York Class is unknown to

14

Plaintiff at the present time, upon information and belief, there are at least one hundred (100) members of the New York Class.  While the exact number of the California Class is unknown to Plaintiff at the present time, upon information and belief, there are at least fifty (50) members of the New York Class.

68.    Plaintiff is currently unaware of the identities of the New York Class and the California Class.  Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in the state of New York and California as spin instructors and/or in similar positions during the New York Class Period and the California Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the New York Class and the California Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage in Violation of NYLL §650 *et seq.*)**
**As to Plaintiff and the New York Class**

69.    Plaintiff, on behalf of himself and the New York Class, hereby realleges and incorporates by reference paragraphs 1 through 68 as though they were fully set forth herein.

70.    The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

71.    Plaintiff and the New York Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage for all hours worked under the NYLL.

72.    During the New York Class Period, Defendants did not pay Plaintiff and the New York Class the prevailing minimum wage for all hours worked for Defendants for certain hours for which Plaintiff and the New York Class were not paid any wages.

15

73.     As a result of Defendants' failure to pay Plaintiff and the New York Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

74.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

75.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the New York Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Wages in Violation of NYLL §191)**
**As to Plaintiff and the New York Class**

76.     Plaintiff, on behalf of himself and the New York Class, hereby realleges and incorporates by reference paragraphs 1 through 75 as though they were fully set forth herein.

77.     The NYLL requires covered employers, such as Defendants, to pay employees' wages with a requisite frequency and in accordance with their agreed upon terms of employment.

78.     Plaintiff and the New York Class were not exempt from the requirement that Defendants pay them all their wages with requisite frequency and in accordance with their agreed upon terms of employment under the NYLL.

79.     During the New York Class Period, Defendants did not pay Plaintiff and the New York Class all their wages with the requisite frequency and in accordance with their agreed upon terms of employment.

80.     As a result of Defendants' failure to pay Plaintiff and the New York Class all their wages with the requisite frequency, Defendants violated the NYLL.

81.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

16

82.    Defendants' violations of the NYLL has significantly damaged Plaintiff and the New York Class and entitles them to recover the total amount of their unpaid wages, an additional amount in liquidated damages, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**(Unlawful Deductions in Violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10)**
**As to Plaintiff and the New York Class**

83.    Plaintiff, on behalf of himself and the New York Class, hereby realleges and incorporates by reference paragraphs 1 through 82 as though they were fully set forth herein.

84.    The NYLL and 12 N.Y.C.R.R. §142-2-10 prohibit covered employers, such as Defendants, from making deductions from the wages of employees.

85.    During the New York Class Period, Defendants unlawfully deducted amounts from the wages of Plaintiff and the New York Class, including but not limited to, the wages earned outside of the time spent teaching classes.

86.    During the New York Class Period, Defendants unlawfully deducted amounts from the wages of Plaintiff and the New York Class, including but not limited to, the failure to reimburse Plaintiff and the New York Class for business related expenses.

87.    Defendants did not make said deductions in accordance with the provisions of any law or any rule or regulation issued by any governmental agency.

88.    Plaintiff and the New York Class did not expressly authorize Defendants in writing to make said deductions, and said deductions were not for the benefit of Plaintiff and the New York Class.

89.    As a result of Defendants' unlawful deductions from the wages of Plaintiff and the New York Class, Defendants violated the NYLL and 12 N.Y.C.R.R. §142-2-10.

17

90.     The foregoing conduct of Defendants constitute willful violations of the NYLL and 12 N.Y.C.R.R. §142-2-10.

91.     Defendants' violations of the NYLL and 12 N.Y.C.R.R. §142-2-10 have significantly damaged Plaintiff and the New York Class and entitles them to recover the total amount of the wages that were deducted from their pay, an additional amount in liquidated damages, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Failure to Provide Accurate Wage Statements under the NYLL)**
**As to Plaintiff and the New York Class**

92.     Plaintiff, on behalf of himself and the New York Class, hereby realleges and incorporates by reference paragraphs 1 through 91 as though they were fully set forth herein.

93.     The NYLL requires covered employers, such as Defendants, to furnish accurate wage statements to its employees with every payment of wages. Plaintiff and the New York Class were not exempt from this requirement.

94.     During the New York Class Period, Defendants failed to furnish accurate wage statements to Plaintiff and the New York Class, in violation of NYLL § 195 because, *inter alia*, Defendants inaccurately understated the hours worked by Plaintiff and the New York Class.

95.     As a result, the wage statements furnished by Defendants to Plaintiff and the members of the New York Class contained inaccurate information with respect to the hours worked.

96.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

97.     Defendants' violations of the NYLL have damaged Plaintiff and the New York Class and entitle them to recover damages of one hundred dollars ($100) per person affected for

18

each work week that such violations occurred, up to a total of twenty-five hundred dollars ($2,500) per person affected, together with attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Failure to Pay Wages In Violation of California Labor Code**
**§§ 204, 223, 1194, 1194.2, 1197, 1197.1 and 1198)**
**As to Plaintiff and the California Class**

98.     Plaintiff, on behalf of himself and the California Class, hereby realleges and incorporates by reference paragraphs 1 through 97 as though they were fully set forth herein.

99.     Defendants employed Plaintiff and the California Class as non-exempt employees entitling them to the full protections of both the CLC and the Industrial Welfare Commission Order No. 2-2001.

100.    CLC Section 1194 entitles non-exempt employees to legal minimum wages, notwithstanding any agreements to the contrary.

101.    CLC Section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages in addition to the underlying unpaid minimum wages and interest thereon.

102.    CLC Section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

103.    CLC Section 1198 prohibits employers from employing their employees under conditions prohibited by applicable Industrial Welfare Commission orders.

104.    CLC Section 223 makes it unlawful for employers to secretly pay their employees lower wages than designated by contract or statute while purporting to pay wages at the legally required rates.

19

105.    CLC Section 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period.

106.    Defendants only paid Plaintiff and the California Class for a small number of hours worked per week.

107.    As a matter of policy and practice, Defendants have only scheduled and paid Plaintiff and the California Class for small numbers of recorded hours per week.

108.    At all relevant times, Defendants required Plaintiff and the California Class to spend uncompensated time performing various tasks, including but not limited to those tasks described above.

109.    At all relevant times, Defendants failed to pay Plaintiff and the California Class wages at legal rates by only paying for certain hours teaching classes, without regard to the actual number of hours that Defendants knew, or should have known, Plaintiff and the California Class had been working.

110.    As a result of their wage and hour practices, Defendants have failed to pay wages to Plaintiff and the California Class at the minimum legal rates under Sections 3 and 4 of the Wage Order for one or more pay periods during the applicable limitations period.

111.    Pursuant to Labor Code Sections 204, 223, 1194 and 1194.2, Plaintiff, and the California Class, seeks unpaid wages, interest thereon, liquidated damages, and awards of reasonable costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
**(Failure to Provide Accurate Wage Statements**
**In Violation of California Labor Code § 226(a))**
**As To Plaintiff and the California Class**

112.   Plaintiff, on behalf of himself and the California Class, hereby realleges and incorporates by reference paragraphs 1 through 111 as though they were fully set forth herein.

113.   CLC Section 226(a) requires employers to furnish employees with accurate itemized wage statements, either semimonthly or at the time of each payment of wages, showing, *inter alia*, the total hours worked by the employee, the corresponding number of hours worked at each rate, and the deductions made from the employee's wages.

114.   During the applicable limitations period, Defendants have applied centrally devised payroll policies and practices when paying wages to Plaintiff and the California Class.

115.   During the applicable limitations period, Defendants failed to provide Plaintiff with accurate written wage statements by providing him with wage statements with inaccurate entries for, *inter alia*, total hours worked.

116.   During the applicable limitations period, Defendants have failed to provide the California Class with accurate written wage statements by providing the members of the California Class with wage statements with inaccurate entries for, *inter alia*, total hours worked.

117.   Defendants' failures to provide Plaintiff and California Class with accurate wage statements have been knowing and intentional.

118.   Defendants had the ability to provide Plaintiff and the California Class with accurate wage statements but have intentionally provided them with wage statements that Defendants have known to be inaccurate as a result of not recording all of their hours worked and not paying them wages for all hours worked.

119.   Plaintiff and the California Class members have been deprived of their legal rights to receive accurate wage statements and they have been misled about the amount of wages they have actually earned.

120.   Pursuant to CLC Section 226(e), Plaintiff, on behalf of himself and the California Class, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Section 226(a) occurred, not to exceed an aggregate penalty of $4,000.00 per member of the California Class, as well as awards of reasonable costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
(Failure to Reimburse Expenses in Violation of CLC §2802)
As to Plaintiff and the California Class

121.   Plaintiff, on behalf of himself and the California Class, hereby realleges and incorporates by reference paragraphs 1 through 120 as though they were fully set forth herein.

122.   CLC Section 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

123.   During the course of Plaintiff's employment, he incurred expenses in the discharge of his duties as an employee, including but not limited to, MP3 players, ipods, music, CDs, computers, mixing software, and travel expenses. These business expenses, which were known to Defendants but were not reimbursed.

124.   Upon information and belief, throughout the California Class Period, members of the California Class incurred expenses in the discharge of their duties as employees, including

22

but not limited to, MP3 players, ipods, music, CDs, computers, mixing software, and travel expenses.  Upon information and belief, these business expenses, which were known to Defendants, were not reimbursed.

125.    Plaintiff and the California Class are entitled to reimbursement for these expenditures, plus interest and attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**(Failure to Timely Pay All Final Wages in Violation of CLC §§201-203)**
**As To Plaintiff and the California Class**

126.    Plaintiff, on behalf of himself and the California Class, hereby realleges and incorporates by reference paragraphs 1 through 125 as though they were fully set forth herein.

127.    CLC Section 201 provides that all of the earned and unpaid wages of a discharged employee become due and payable immediately at the time of discharge.

128.    CLC Section 202 provides that an employee who voluntarily separates after giving at least 72 hours-notice of his or her intention to voluntarily separate is entitled to all of his or her earned and unpaid wages at the time of voluntary separation.

129.    CLC Section 202 also provides that an employee who voluntarily separates after giving less than 72 hours-notice of his or her intention to voluntarily separate is entitled to all of his or her earned and unpaid wages within 72 hours of voluntary separation.

130.    CLC Section 203 provides that an employee's wages shall continue on a daily basis, until all wages are paid, for up to a maximum of 30 days where an employer willfully fails to timely pay the employee all of his or her earned and unpaid wages.

131.    During the applicable limitations period, Defendants have applied centrally devised payroll policies and practices when paying wages to the members of the California Class who have been discharged or voluntarily separated.

23

132.    During the applicable limitations period, Defendants discharged Plaintiff and failed to immediately pay all of his earned and unpaid wages by failing to furnish him with a final paycheck encompassing all of his earned and unpaid wages as a result of their failures and unlawful pay practices described herein.

133.    Defendants have failed to timely pay members of the California Class who have been discharged or voluntarily separated all of their earned and unpaid wages in accordance with the CLC by failing to furnish them with final paychecks encompassing all earned and unpaid wages as a result of their failures and unlawful pay practices described herein.

134.    Defendants have willfully adopted centrally devised policies and practices that result in late and/or incomplete final wage payments that violate CLC Sections 201 and/or 202 and, as a result, have willfully failed to timely pay all earned and unpaid wages to their former employees.

135.    Pursuant to CLC Section 203, Plaintiff, on behalf of himself and members of the California Class who have been discharged or voluntarily separated, seek continuation of their wages from the days that all of their earned and unpaid wages first became due until all of their earned and unpaid wages are or were actually paid, for up to a maximum of 30 days, in addition to awards of reasonable costs and attorneys' fees.

**NINTH CAUSE OF ACTION**
**(Violations of the Unfair Competition and Business Practices Act)**
**As To Plaintiff and the California Class**

136.    Plaintiff, on behalf of himself and the California Class, hereby realleges and incorporates by reference paragraphs 1 through 135 as though they were fully set forth herein.

137.    UCL Section 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

24

138.    UCL Section 17204 allows "any person acting for the interests of itself, its members of the general public" to prosecute a civil action for violation of the UCL.

139.    At all relevant times herein, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by UCL Section 17200, by engaging in including but not limited to:

    (a)    Failing to pay Plaintiff and the California Class the applicable minimum wage for all hours worked, as described above;

    (b)    Failing to provide Plaintiff and the California Class with accurate and itemized wage statements, as described above;

    (c)    Failing to reimburse Plaintiff and the California Class for necessary work related expenses they were required to incur as part of their jobs, as described above; and

    (d)    Failing to pay Plaintiff and the members of the California Class who have been discharged or voluntarily separated with all compensation owed within the statutory time period.

140.    The violation of these laws serve as unlawful predicate acts and practices for purposes of the UCL.

141.    As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains in the amount of those unpaid wages and un-reimbursed business expenses owed to Plaintiff and California Class.

142.    Upon information and belief, Defendants are able to unfairly compete with other comparable companies in the State of California by not paying wages in violation of UCL Sections 17000 and 17200 *et seq*.

143.    Due to these unfair, fraudulent and/or unlawful business practices, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California.

144.    The victims of these unfair, fraudulent and/or illegal business practices include, but are not limited to, Plaintiff and the members of the California Class, competing fitness center operators in the State of California, and the general public.

145.    Upon information and belief, Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, the California Class, other competitors, and the general public.

146.    Plaintiff and the California Class' success in this action will enforce important rights affecting the public interest.   In this regard, Plaintiff brings this action on behalf of himself and the California Class, and requests restitution of all wages and monies wrongfully retained by Defendants in violation of Business and Professions Code Sections 17000 and 17200 *et seq.* since four years prior to filing the complaint in this action and any other appropriate remedy.

147.    Plaintiff has assumed the responsibility of enforcement of the laws and lawful claims specified herein.   There is a financial burden incurred in pursuing this action which is in the public interest.

148.    Plaintiff, on behalf of himself and the California Class, seeks all available remedies, in addition to attorney's fees and expenses, all of which are cumulative pursuant to UCL Section 17205.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the New York Class and the California Class, respectfully requests that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable state law;

B.     Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiff with a list of all members of the New York Class during the New York Class Period and the California Class during the California Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.     Designate Plaintiff as a representative of his respective classes, and his counsel of record as class counsel;

D.     Determine the damages sustained by Plaintiff, the New York Class and the California Class as a result of Defendants' violations of the NYLL, the CLC and the UCL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff and the New York Class and California Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.     Award Plaintiff, the New York Class and the California Class, liquidated damages because Defendants' violations were willful and/or without a good faith basis;

F.     Award Plaintiff, the New York Class and the California Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

G.     Grant Plaintiff, the New York Class such other and further relief that the Court

deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and on behalf of all the New York Class and the California

Class, hereby demands a trial by jury on all issues of fact and damages.

Dated: May 2, 2013
      New York, New York

                           Respectfully submitted,

                           THOMPSON WIGDOR LLP

                           By: _____
                                  Douglas H. Wigdor
                                  David E. Gottlieb

                           85 Fifth Avenue
                           New York, NY 10003
                           Telephone: (212) 257-6800
                           Facsimile: (212) 257-6845
                           dwigdor@thompsonwigdor.com
                           dgottlieb@thompsonwigdor.com

                           *Attorneys for Plaintiff, the Proposed New York*
                           *Class and the Proposed California Class*

28

JS 44C/SDNY
REV. 7/2012

**JUDGE SWEET** CIVIL COVER SHEET

13 CV 2976

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

MAY 0 2 2013

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Nick Oram, on behalf of himself and on the behalf of all other similarly situated persons | SoulCycle, SoulCycle, LLC, SoulCycle Holdings, LLC, SoulCycle 384 Lafayette Street, LLC, SoulCycle 350 Amsterdam, LLC, et al. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Douglas H. Wigdor, Esq.<br>Thompson Wigdor LLP<br>85 Fifth Ave., New York, NY 10003  Phone: 212-257-6800 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Pursuant to 29 U.S.C. §1332(d)(2) et seq. this is a class action and there is more than $5,000,000 in controversy

Has this or a similar case been previously filed in SDNY at any time? No [ ]  Yes [X]  Judge Previously Assigned

If yes, was this case  Vol. [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?    No [X]    Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

| CONTRACT | | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|---|
| [ ] 110 | INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - | [ ] 610 AGRICULTURE | [ ] 422 APPEAL | [ ] 400 STATE |
| [ ] 120 | MARINE | [ ] 315 AIRPLANE PRODUCT | MED MALPRACTICE | [ ] 620 OTHER FOOD & | 28 USC 158 | REAPPORTIONMENT |
| [ ] 130 | MILLER ACT | LIABILITY | [ ] 365 PERSONAL INJURY | DRUG | [ ] 423 WITHDRAWAL | [ ] 410 ANTITRUST |
| [ ] 140 | NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | [ ] 625 DRUG RELATED | 28 USC 157 | [ ] 430 BANKS & BANKING |
| | INSTRUMENT | SLANDER | [ ] 368 ASBESTOS PERSONAL | SEIZURE OF | | [ ] 450 COMMERCE |
| [ ] 150 | RECOVERY OF | [ ] 330 FEDERAL | INJURY PRODUCT | PROPERTY | | [ ] 460 DEPORTATION |
| | OVERPAYMENT & | EMPLOYERS' | LIABILITY | 21 USC 881 | PROPERTY RIGHTS | [ ] 470 RACKETEER INFLU- |
| | ENFORCEMENT | LIABILITY | | [ ] 630 LIQUOR LAWS | | ENCED & CORRUPT |
| | OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | ORGANIZATION ACT |
| [ ] 151 | MEDICARE ACT | [ ] 345 MARINE PRODUCT | | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | (RICO) |
| [ ] 152 | RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD | [ ] 660 OCCUPATIONAL | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| | DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | SAFETY/HEALTH | | [ ] 490 CABLE/SATELLITE TV |
| | STUDENT LOANS | [ ] 355 MOTOR VEHICLE | [ ] 380 OTHER PERSONAL | [ ] 690 OTHER | SOCIAL SECURITY | [ ] 810 SELECTIVE SERVICE |
| | (EXCL. VETERANS) | PRODUCT LIABILITY | PROPERTY DAMAGE | | | [ ] 850 SECURITIES/ |
| [ ] 153 | RECOVERY OF | [ ] 360 OTHER PERSONAL | [ ] 385 PROPERTY DAMAGE | | [ ] 861 HIA (1395ff) | COMMODITIES/ |
| | OVERPAYMENT | INJURY | PRODUCT LIABILITY | LABOR | [ ] 862 BLACK LUNG (923) | EXCHANGE |
| | OF VETERAN'S | | | [ ] 710 FAIR LABOR | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 CUSTOMER |
| | BENEFITS | | | STANDARDS ACT | [ ] 864 SSID TITLE XVI | CHALLENGE |
| [ ] 160 | STOCKHOLDERS | | | [ ] 720 LABOR/MGMT | [ ] 865 RSI (405(g)) | 12 USC 3410 |
| | SUITS | | PRISONER PETITIONS | RELATIONS | | [ ] 890 OTHER STATUTORY |
| [ ] 190 | OTHER | | [ ] 510 MOTIONS TO | [ ] 730 LABOR/MGMT | FEDERAL TAX SUITS | ACTIONS |
| | CONTRACT | | VACATE SENTENCE | REPORTING & | | [ ] 891 AGRICULTURAL ACTS |
| [ ] 195 | CONTRACT | ACTIONS UNDER STATUTES | 20 USC 2255 | DISCLOSURE ACT | [ ] 870 TAXES (U.S. Plaintiff or | [ ] 892 ECONOMIC |
| | PRODUCT | | [ ] 530 HABEAS CORPUS | [ ] 740 RAILWAY LABOR ACT | Defendant) | STABILIZATION ACT |
| | LIABILITY | CIVIL RIGHTS | [ ] 535 DEATH PENALTY | [X] 790 OTHER LABOR | [ ] 871 IRS-THIRD PARTY | [ ] 893 ENVIRONMENTAL |
| [ ] 196 FRANCHISE | | [ ] 441 VOTING | [ ] 540 MANDAMUS & OTHER | LITIGATION | 26 USC 7609 | MATTERS |
| | | [ ] 442 EMPLOYMENT | | [ ] 791 EMPL RET INC | | [ ] 894 ENERGY |
| | | [ ] 443 HOUSING/ | | SECURITY ACT | | ALLOCATION ACT |
| REAL PROPERTY | | ACCOMMODATIONS | | | | [ ] 895 FREEDOM OF |
| [ ] 210 | LAND | [ ] 444 WELFARE | PRISONER CIVIL RIGHTS | IMMIGRATION | | INFORMATION ACT |
| | CONDEMNATION | [ ] 445 AMERICANS WITH | | [ ] 462 NATURALIZATION | | [ ] 900 APPEAL OF FEE |
| [ ] 220 | FORECLOSURE | DISABILITIES - | [ ] 550 CIVIL RIGHTS | APPLICATION | | DETERMINATION |
| [ ] 230 | RENT LEASE & | EMPLOYMENT | [ ] 555 PRISON CONDITION | [ ] 463 HABEAS CORPUS- | | UNDER EQUAL |
| | EJECTMENT | [ ] 446 AMERICANS WITH | | ALIEN DETAINEE | | ACCESS TO JUSTICE |
| [ ] 240 | TORTS TO LAND | DISABILITIES -OTHER | | [ ] 465 OTHER IMMIGRATION | | [ ] 950 CONSTITUTIONALITY |
| [ ] 245 | TORT PRODUCT | [ ] 440 OTHER CIVIL RIGHTS | | ACTIONS | | OF STATE STATUTES |
| | LIABILITY | (Non-Prisoner) | | | | |
| [ ] 290 | ALL OTHER | | | | | |
| | REAL PROPERTY | | | | | |

*Check if demanded in complaint:*

✓ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____  OTHER _____    JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES [ ] NO          NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)*                    **ORIGIN**

☒ 1 Original    ☐ 2 Removed from    ☐ 3 Remanded    ☐ 4 Reinstated or    ☐ 5 Transferred from    ☐ 6 Multidistrict    ☐ 7 Appeal to District
   Proceeding       State Court          from             Reopened          (Specify District)     Litigation           Judge from
                                         Appellate                                                                     Magistrate Judge
                    a. all parties represented    Court                                                                Judgment

                    ☐ b. At least one
                         party is pro se.

*(PLACE AN x IN ONE BOX ONLY)*          **BASIS OF JURISDICTION**          *IF DIVERSITY, INDICATE*
                                                                          *CITIZENSHIP BELOW.*
☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 FEDERAL QUESTION   ☒ 4 DIVERSITY   *(28 USC 1332, 1441)*
                                            (U.S. NOT A PARTY)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [X]1 | [x]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Nick Oram
90 West Street, Apt. 4G
New York, NY 10006

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

SoulCycle, SoulCycle, LLC, SoulCycle Holdings, LLC, SoulCycle 384 Lafayette Street, LLC, SoulCycle 350 Amsterdam, LLC, SoulCycle
609 Greenwich Steet, LLC, SoulCycle Bridgehampton, LLC, SoulCycle East 63rd Street, LLC, SoulCycle East 18th Street, LLC, SoulCycle East
Hampton, LLC, SoulCycle Roslyn, LLC, SoulCycle Scarsdale, LLC, SoulCycle Tribeca, LLC, SoulCycle West 19th Street, LLC, SoulCycle
Brentwood, LLC, SoulCycle Santa Monica, LLC, SoulCycle West Hollywood, LLC,
103 Warren Street
New York, NY 10007

DEFENDANT(S) ADDRESS UNKNOWN
     REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ MANHATTAN
             (DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 5/2/2013    SIGNATURE OF ATTORNEY OF RECORD          ADMITTED TO PRACTICE IN THIS DISTRICT
                                                          [ ] NO
RECEIPT #                                                 [ ] YES (DATE ADMITTED Mo. 09 ___ Yr. 2000 )
                                                          Attorney Bar Code # DW-9737

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____    MAG. JUDGE ELLIS    is so designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# Exhibit B

California Secretary of State Debra Bowen

Secretary of State    Administration    Elections    Business Programs    Political Reform    Archives    Registries

**Business Entities (BE)**

Online Services
 - **E-File Statements of Information for Corporations**
 - **Business Search**
 - **Processing Times**
 - **Disclosure Search**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
 - **Business Resources**
 - **Tax Information**
 - **Starting A Business**

Customer Alerts
 - **Business Identity Theft**
 - **Misleading Business Solicitations**

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, May 10, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | SOULCYCLE BRENTWOOD, LLC |
| Entity Number: | 201134310078 |
| Date Filed: | 12/09/2011 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 1 PARK AVE TAX DEPT 2ND FL |
| Entity City, State, Zip: | NEW YORK NY 10016 |
| Agent for Service of Process: | VCORP SERVICES CA, INC. (C3156773) |
| Agent Address: | * |
| Agent City, State, Zip: | * |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

 - For information on checking or reserving a name, refer to **Name Availability**.
 - For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
 - For help with searching an entity name, refer to **Search Tips**.
 - For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search  New Search  Printer Friendly  Back to Search Results**

Business Search - Business Entities - Business Programs                                    Page 1 of 1

---

*California Secretary of State Debra Bowen*

Secretary of State     Administration     Elections     Business Programs     Political Reform     Archives     Registries

**Business Entities (BE)**

Online Services
- E-File Statements of
  Information for
  Corporations
- Business Search
- Processing Times
- Disclosure Search

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information**
(annual/biennial reports)

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, May 10, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | SOULCYCLE SANTA MONICA, LLC |
| Entity Number: | 201211410469 |
| Date Filed: | 04/11/2012 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 103 WARREN STREET |
| Entity City, State, Zip: | NEW YORK NY 10007 |
| Agent for Service of Process: | VCORP SERVICES CA, INC. (C3156773) |
| Agent Address: | * |
| Agent City, State, Zip: | * |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search   New Search   Printer Friendly   Back to Search Results**

**Privacy Statement** | **Free Document Readers**
Copyright © 2013   California Secretary of State

# California Secretary of State Debra Bowen

Secretary of State    Administration    Elections    Business Programs    Political Reform    Archives    Registries

**Business Entities (BE)**

Online Services
- E-File Statements of
  Information for
  Corporations
- Business Search
- Processing Times
- Disclosure Search

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information**
(annual/biennial reports)

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, May 10, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | SOULCYCLE WEST HOLLYWOOD, LLC |
| Entity Number: | 201021110134 |
| Date Filed: | 07/30/2010 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | ONE PARK AVE TAX DEPT 2ND FL |
| Entity City, State, Zip: | NEW YORK NY 10016 |
| Agent for Service of Process: | VCORP SERVICES CA, INC. (C3156773) |
| Agent Address: | * |
| Agent City, State, Zip: | * |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability.**
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests.**
- For help with searching an entity name, refer to **Search Tips.**
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions.**

**Modify Search  New Search  Printer Friendly  Back to Search Results**

**Privacy Statement | Free Document Readers**

Copyright © 2013   California Secretary of State