**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

NICK  ORAM, on behalf of him  self and on
behalf of all other similarly situated persons,

                      Plaintiff,

         -against-

SOULCYCLE LLC, SOULCYCLE
HOLDINGS LLC, SOULCYCLE 384
LAFAYETTE STREET, LLC,
SOULCYCLE 350 AMSTERDAM, LLC,
SOULCYCLE 609 GREENWICH STREET,
LLC, SOULCYCLE BRIDGEHAMPTON,
LLC, SOULCYCLE EAST 18TH STREET,
LLC, SOULCYCLE EAST 63RD STREET,
LLC, SOULCYCLE EAST HAMPTON,
LLC, SOULCYCLE ROSLYN LLC,
SOULCYCLE SCARSDALE LLC,
SOULCYCLE TRIBECA, LLC,
SOULCYCLE WEST 19TH STREET, LLC,
SOULCYCLE BRENTWOOD, LLC,
SOULCYCLE SANTA MONICA, LLC, and
SOULCYCLE WEST HOLLYWOOD, LLC,

                    Defendants.

Civ. No.:  13-CV-2976(RWS)

**ECF Case**

------------------------------------------------------------x

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO
STRIKE PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(F), TO SEVER PLAINTIFF'S CALIFORNIA CLAIMS AND
PARTIES PURSUANT TO FED. R. CIV. P. 21 AND TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000
William J. Anthony
Joanna S. Smith

*ATTORNEYS FOR DEFENDANTS*

# TABLE OF CONTENTS

Page(s)

ARGUMENT ...................................................................................................................1

I.      PLAINTIFF  HAS  NOT ALLE GED  A  MINIMUM  WAGE CL AIM  UNDER NE W
        YORK LAW. ...............................................................................................................1

II.     PLAINTIFF'S  CLAIM OF UNL  AWFUL  DEDUCTIONS  UNDER  NYLL  §193  IS
        DUPLICATIVE  OF HIS CLAIMS FOR      MINIMUM  WAGE AND SHOUL  D  BE
        DISMISSED FOR THE SAME REASONS. ....................................................................4

III.    PLAINTIFF'S  CLAIMS UNDER NYLL  FOR  EXPENSE REIMBURSEMENTS FAIL
        BECAUSE HE ALWAYS EARNED IN EXCESS OF THE MINIMUM WAGE. ............5

IV.     PLAINTIFF HAS FAILED TO PLEAD A CLAIM OF RETALIATION UNDER NYLL
        §215. ..........................................................................................................................6

V.      PLAINTIFF'S CALIFORNIA CLAIMS SHOULD BE SEVERED ................................8

VI.     IRRELEVANT  AND I NFLAMATORY  PORTIONS  OF  PLAINTIFF'S  AMENDED
        COMPLAINT SHOULD BE STRICKEN .....................................................................10

CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Acevdeo v. Allsup's Convenience Stores, Inc.,
　　600 F.3d 516 (5th Cir. 2010)...................................................... 9

Aledia v. HSH Nordbank AG,
　　08 Civ. 4342 (BSJ), 2009 U.S. Dist. LEXIS 24953 (S.D.N.Y. 2009) ...................................... 4

Bell Atl. Corp. v. Twombly,
　　550 U.S. 544 (2007) ........................................................... 3

Boschert v. Pfizer, Inc.,
　　No. 4:08-CV-1714(CAS), 2009 U.S. Dist. LEXIS 41261 (E.D. Mo. May 14, 2009) ............. 9

Cardenas v. McLane Foodservices, Inc.,
　　796 F. Supp. 2d 1246 (C.D. Cal. 2011)............................................ 4

Coleman v. Quaker Oats Co.,
　　232 F.3d 1271 (9th Cir. 2000).................................................. 9

Copantitla v. Fiskardo Estiatorio, Inc.,
　　788 F. Supp. 2d 253 (S.D.N.Y. 2011)........................................ 7, 8

Costello v. Home Depot U.S.A., Inc.,
　　888 F. Supp. 2d 258 (D.Conn. 2012) ......................................... 9

Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.,
　　806 F. Supp. 2d 712 (S.D.N.Y. 2011) ....................................... 10

Farricker v. Penson Dev., Inc.,
　　07 Civ. 11191 (DAB), 2009 U.S. Dist. LEXIS 27484 (S.D.N.Y. Mar. 31, 2009)................... 4

Lewis v. Alert Ambulette Serv. Corp.,
　　11-CV-442(JBW), 2012 U.S. Dist. LEXIS 6269 (E.D.N.Y. Jan. 19, 2012)........................... 6

Lin v. Benihana Nat'l Corp.,
　　755 F. Supp. 2d 504 (S.D.N.Y. 2010)......................................... 5

Liverpool v. Con-Way, Inc.,
　　08-CV-4076 (JG)(JO), 2009 U.S. Dist. LEXIS 41349 (E.D.N.Y. May 15, 2009) ................. 7

Lundy v. Catholic Health Sys. Of Long Island, Inc.,
　　711 F.3d 106 (2d Cir. 2013)................................................ 2, 4

Maldonado v. La Nueva Rampa, Inc.,
　　10 Civ. 8195 (LLS)(JLC), 2012 U.S. Dist. LEXIS 67058 (S.D.N.Y. May 14, 2012)............. 5

Morse v. Weingarten,
    777 F. Supp. 312 (S.D.N.Y. 1991) ........................................................................ 10

Paz v. Piedra,
    90 Civ. 03977 (LAK)(GWG), 2012 U.S. Dist. LEXIS 4034 (S.D.N.Y. Jan. 12, 2012) ....... 7, 8

Reilly v. Natwest Markets Group, Inc.,
    178 F. Supp. 2d 420 (S.D.N.Y. 2011) .................................................................... 8

Rodriguez v. Queens Convenience Deli Corp.,
    09-cv-1089(KAM)(SMG), 2011 U.S. Dist. LEXIS 120478 (E.D.N.Y. Oct. 18, 2011) ....... 2, 4

Severin v. Project OHR, Inc.,
    10 Civ. 9696 (DLC), 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. Jun. 20, 2012) .................. 2, 4

United States v. Peterson,
    394 F.3d 98 (2d Cir. 2005) .................................................................................... 7

Wachter v. Kim,
    920 N.Y.S.2d 66 (1st Dep't 2011) ......................................................................... 4

Walz v. 44 & X,
    12 Civ. 5800(CM), 2012 U.S. Dist. LEXIS 161382 (S.D.N.Y. Nov. 7, 2012) ...................... 3

Wilkes v. Genzyme Corp.,
    Civ. No. WMN-10-1683, 2011 U.S. Dist. LEXIS 49881 (D. Md. May 10, 2011) ................. 9

STATUTES

F.R.C.P. 12(b)(6) ....................................................................................................... 1

F.R.C.P. 12(f) .......................................................................................................... 1

F.R.C.P. 21 ......................................................................................................... 1, 8

N.Y. Exec. Law §296(1)(e) ......................................................................................... 6

NYCRR § 142-2 ................................................................................................... 1, 4, 6

NYLL §190(1) ...................................................................................................... 1, 2

NYLL §193 .......................................................................................................... 4, 6

NYLL §215 ....................................................................................................... 6, 7, 8

NYLL §650 et seq ................................................................................................. 1, 3

Title VII ................................................................................................................. 7

Defendants SoulCycle LLC, SoulCycle Holdings, LLC, SoulCycle 384 Lafayette Street, LLC, SoulCycle 350 Amsterdam , LLC, SoulCycle 609 Greenwich Street, LLC, SoulCycle Bridgehampton, LLC, SoulCycle East 18 th Street, LLC, SoulCycle East 63 rd Street, LLC, SoulCycle East Ha mpton, LLC, SoulCycl e Roslyn, LLC, Soul Cycle Scarsdale, LLC , SoulCycle Tribeca, L LC, SoulCycle W est 19th Street, LLC, SoulCycle Brentwood, LLC, SoulCycle Santa Monica, LLC, and SoulCycle We st Hollywood, LLC (collectively hereinafter "Defendants" or "SoulCycle") respectfully submit this Reply Mem orandum of La w in Further Support of their Motion to Strike Portions of Plaintiff's Am ended Complaint Pursuant to F.R.C.P. 12(f), to Sever Plaintiff's California Clai ms and Parties Pursuant to F.R.C.P. 21 and to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) ("Defendants' Motion").[1]

## ARGUMENT

## I. PLAINTIFF HAS NOT ALLEGED A MINIMUM WAGE CLAIM UNDER NEW YORK LAW.

Plaintiff's primary argument in opposition to Defendants' Motion to Dism iss his minimum wage claim is that NYLL requires empl oyers to pay employees minimum wage for all hours worked. W hile that is a true statem ent, that argum ent misses the point of Defendants' motion. NYLL §652 does not require that an em ployee be paid at an hourly rate. Rather it requires that the total wages paid to the em ployee are equal to or great er to the applicab le minimum wage rate tim es the num ber of hours worked by the em ployee. See NYLL § 190(1) (defining wages as "the earnings of an e mployee for labor services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis"). See N.Y. COMP. CODES R. & REGS. ("NYCRR") tit. 12, § 142-2.16 ("The term regular rate shall mean the amount that the em ployee is regularly paid for each hour of work. W hen an employee

---

[1] A copy of Plaintiff's Amended Complaint ("Amended Complaint") is attached as Exhibit "A" to the Declaration of William J. Anthony ("Anthony Decl.") in Support of Defendant's Motion.

is paid on … a basis other than ho urly rate, the regular hourly wa ge rate shall be determined by dividing the total hours worked   during the we ek into the employee's total earnings.")  Here , Plaintiff was paid on an "other basis" as specifically allowed for by NYLL § 190(1).

As  Plaintiff concedes, when determ  ining  whether an employee has been paid minimum  wage under the federal F  air Labor Standards Act ("FLSA"), cour ts have divided the total  amount of wages paid to the plaintiff per w  eek  by the num ber of hours worked per week. New York courts have consistently held that th e same standards and analysis apply to m inimum wage  claims under the NYLL as under the F     LSA.  Lundy v. Catholic Health Sys. Of Long    Island, Inc., 711 F.3d 106, 118 (2d Cir. 2013) (hol    ding that the FLSA and the NYLL use the same standard in d etermining liability for minimum wage and overtime pay); see also Severin v.   Project OHR, Inc., 10 Civ. 9696 (DLC), 2012 U.  S. Dist. LEXIS 85705, *35 (S.D.N.Y. Jun. 20, 2012) (finding that as putative plaintiffs in a class action were paid $136.95 for each shift totaling a potential 16 com pensable  hours, putative plai ntiff's rate of com pensation was $8.55 per hour which  was greater than   the applicable m  inimum  wage rate); see also Rodriguez v. Queens    Convenience  Deli Corp., 09-cv-1089(KAM)(  SMG),  2011 U.S. Dist. LEXIS 120478, *5-8 (E.D.N.Y. Oct. 18, 2011) (calcu lating minimum wage owed under both FLSA and the NYLL by subtracting the total amount work ed per week from  the total of  the applicable m inimum  wage rate  multiplied  by th e  total num ber  of hours worked   in the sam e  week).  In this case, it is undisputed that Plaintiff was pa id according to the term s of a written agreement and well known practice which provided  that Plai ntiff would be paid each week  based on the num ber of classes taught.   Accordingly, the legal issue is whet     her  dividing the num ber  of hours worked into Plaintiff's earnings resulted in the minimum wage being earned.

Plaintiff's employment agreement, as conceded by him in his Opposition, defined 'services' to  be pe rformed  as  the following: teaching a ce  rtain  number  of classes per week,

-2-

attending staff meetings, continuing education sessions, compiling playlists, contributing to the SoulCycle website, being available for press at SoulCycle's request and arriving early for class to set up new riders. See Morris Aff. Exhibit "1;" (Pl. Opp. 4). The language in Plaintiff's employment agreement then reads: "[f]or all services to be rendered by [Plaintiff] in connection with [Plaintiff's] employment hereunder, [SoulCycle] shall pay compensation" on a per-class basis. Id. (emphasis added). Thus, for all work duties performed, Plaintiff earned compensation based on the number of classes he taught each week. Accordingly, to correctly determine Plaintiff's rate of pay, one must calculate the total amount of wages Plaintiff earned per week (his total number of classes, multiplied by his per class pay) and divide it by the number of hours Plaintiff alleges he worked (the number of hours teaching, plus the number of hours performing the additional services enumerated in his employment contract as covered under his per class rate). Plaintiff's conclusory allegations that his per class pay was only meant to cover 45 minutes of class time, not only directly contradict his employment agreement and regular course of dealing between Plaintiff and Defendants, but are insufficient to survive a motion to dismiss. See generally Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Walz v. 44 & X, 12 Civ. 5800(CM), 2012 U.S. Dist. LEXIS 161382, *11 (S.D.N.Y. Nov. 7, 2012) (finding that simply stating Plaintiffs were not paid for overtime work does not sufficiently allege a wage and hour violation). Instead, Plaintiff would need to plead with specificity how this "other basis" of payment led to him not being paid the minimum wage, something he has not done nor attempted to do. Accordingly, his claim under NYLL §650 et seq. fails as a matter of law.

Realizing that New York law compromises his legal position, Plaintiff asks the Court to apply California law to his claims. There is no legal basis for doing so and the Court should decline Plaintiff's invitation in this regard. California courts have held that "the averaging method used by the federal courts for assessing a violation of the federal minimum wage law

-3-

does not apply to California law-based claim s." <u>Cardenas v. McLane Foodservices, Inc.</u>, 796 F. Supp. 2d 1246, 1252 (C.D. Cal. 2011).    In direct contradiction, and as discussed in detail above, New York courts have consistently stated that minimum wage claims under the NYLL <u>should</u> be analyzed under the same standard as the FLSA. <u>Lundy, Inc.</u>, 711 F.3d at 118.  Further, New York courts have consistently used the federal    averaging method to determ ine minimum wage damages. <u>See</u> <u>Severin</u>, 2012 U.S. Dist. LEXIS 85705 at *35; <u>Rodriguez</u>, 2011 U.S. Dist. LEXIS 120478 at *5-8.  Finally, the New York State Depa       rtment of Labor has   regulated that to determine an employee's regular rate when the em ployee is paid on a basis other than an hourly rate, as in the instant case, "the regular hourly rate shall be determined by dividing the total hours worked during the week into the employee's total earnings."  NYCRR § 142-2.16.

Accordingly, Plaintiff's first claim for relief should be dismissed.

## II.   PLAINTIFF'S CLAIM OF UNLAWFUL DEDUCTIONS UNDER NYLL §193 IS DUPLICATIVE OF HIS CLAIMS FOR MINIMUM WAGE AND SHOULD BE DISMISSED FOR THE SAME REASONS.

Plaintiff's Second and Th ird Claims for Relief [2] duplicate Plaintiff's First Claim for relief, namely, by a rguing that Plaintiff wa s not paid wages for tim e worked outside of the time spent actually teaching clas ses. (Am. Compl. ¶¶88, 94). [3]  As detailed above, Plaintiff's employment agreement specifies that his per cla ss rate was paym ent for the time spent teaching classes as well as all other serv ices in connection with his em ployment as enum erated in the

---

[2]  To the exte nt Plaintiff's T hird Claim alleges that De fendants unlawfully deducted the cost of business related expenses from Plaintiff's wages, Defendants will address said argument in the following section.
[3]  Plaintiff's cited cases in support of his NYLL §193 claim are easily distinguishable from the case at hand.  In all, a defendant employer failed to p ay a p laintiff alleged incentive compensation and the court needed to determine whether such compensation equaled wages under NYLL.  <u>See</u> <u>Farricker v. Penson Dev., Inc.</u>, 07 Civ. 11191 (DAB), 2009 U.S. Dist. LEXIS 27484 (S.D.N.Y. Mar. 31, 2009) (holding that per an agreement, plaintiff sufficiently pled a §193 claim a s the alleged 'Participation Payments' payable at the c ompletion of ce rtain Deals were wages for purposes of §193 and accordingly cannot be withheld by the employer); <u>Aledia v. HSH Nordbank AG</u>, 08 Civ. 4342 (BSJ), 2009 U.S. Dist. LEXIS 24953 (S.D.N.Y. 2009) (denying employer's motion to dismiss as it was unclear whether plaintiff's bonus payments, as defined in her contract, had properly vested, and were therefore wages under §193); <u>Wachter v. Kim</u>, 920 N.Y.S.2d 66 (1st Dep't 2011) (reversing lower court's dismissal of a §193 claim as plaintiff's salary, wages and bonuses term sheet promised plaintiff a m inimum guaranteed compensation that override the discretionary nature of the individual pay components.)

employment agreement.  Accordingly, Plaintiff wa s paid at an above m inimum wage rate for all hours he alleges he worked for Defendant.  Therefore, as Plaintiff's Second and Third claims rest on his allegations that he was not paid any wa ges, let alone m inimum wage, for hours worked outside of class tim e, his claim s fail for the sam e reason above – that, pursuant to his employment contract, all hours sp ent performing services and teach ing classes were paid pursuant to his per class rate which averages out to significantly above minimum wage.[4]

III.   **PLAINTIFF'S CLAIMS UNDER NYLL FOR EXPENSE REIMBURSEMENTS FAIL BECAUSE HE ALWAYS EARNED IN EXCESS OF THE MINIMUM WAGE.**

It is well-settled under New York l aw that employers do not have to reim burse employees for business expenses, including "tools of the trade," so long as not doing so does not reduce the employee's wage below the m inimum wage.  See Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 511-12 (S.D.N.Y. 2010) (finding that employers may require employees to bear the costs of acquiring and m aintaining the tools of the trade (in Lin, modes of transportation for plaintiff delivery people) "so long as those co sts, when deducted from the employee's weekly wages, do not reduce their wage to below the required m inimum");[5] Maldonado v. La Nueva Rampa, Inc., 10 Civ. 8195 (LLS)(JL C), 2012 U.S. Dist. LEXIS 67058, *25 (S.D.N.Y. May 14, 2012) (holding that "as each of the [p]laintiffs earned below minimum wage, they are entitled to a credit for [business related] expenses.")  Plaintiff has provid ed no support for his contention that part (a)[6]of 12 NYCRR § 142-2.10 provides a "blanket protection" and prohibits deductions

---

[4] Plaintiff fails to provide any support for his argument that Defendant cannot use 'piece rate' pay (nor does he recognize that Defendant's Motion never states specifically that they are using a piece rate pay).  Further, Plaintiff's claims that California law are persuasive here are again without basis, for the same reasons detailed above.

[5] Plaintiff's argument that Lin does not apply to the instant case because it was based on a "repealed inapplicable restaurant-industry wage regulation" incorrectly focuses on the court's holding concerning uniform maintenance and not on the court's holding concerning plaintiffs' tools of the trades, which is applicable to the instant case

[6] "Wages shall be subject to no deductions, except for allowances authorized in this Part, and except for deductions authorized or required by law."

for business expenses over and above the protection provided in part (b) [7] of 12 NYCRR § 142-2.10, thereby making part (b) superfluous. (Pl. Opp. At 13)   Courts have read §142-2.10(a) specifically as prohibiting "deductions for spoilage or breakage;… deductions for cash shortages or losses; [or imposing] fines or penalties for lateness, misconduct or quitting by an employee without notice" and have found §142-2.10(b) to prohibit employers from reducing the "*minimum wage* for expenses incurred by an employee in carrying out duties assigned by an employer." Lewis v. Alert Ambulette Serv. Corp., 11-CV-442(JBW), 2012 U.S. Dist. LEXIS 6269, *14 (E.D.N.Y. Jan. 19, 2012) (emphasis added).

Accordingly, as Plaintiff always earned above minimum wage for all hours worked, his conclusory allegations that he was never reimbursed for alleged business expenses are not enough to support a claim under the NYLL §193.

## IV.   PLAINTIFF HAS FAILED TO PLEAD A CLAIM OF RETALIATION UNDER NYLL §215.

Plaintiff's claims for retaliation fail under the prevailing case law for the simple fact that Plaintiff was not an employee when he first complained of Defendant's actions and because the act complained of (SoulCycle informing him and his attorney that they are no longer allowed to take a SoulCycle class) would not be considered retaliatory under NYLL § 215. In support of his claim, Plaintiff cites to several cases prohibiting post-employment retaliation under federal and state *anti-discrimination* laws. (Pl. Opp. at 15). Such cases are not instructive in the instant case. First, unlike NYLL § 215, which specifically provides protection for an "employee" who has suffered from retaliation, N.Y. Exec. Law §296(1)(e) ("NYSHRL" – the New York state counterpart to Title VII), provides protection against retaliation against any "person." Under the canons of statutory interpretation, when the legislature uses particular language in one

---

[7] "The minimum wage shall be not be reduced by expenses incurred by an employee in carrying out duties assigned by an employer."

area and different language in another, the presumption is the word choice was intentional.  See e.g. United States v. Peterson, 394 F .3d 98, 107 (2d Cir. 2005) ("When Congress uses particular language in one section of a statute and different language in another, we presume its word choice was intentional").  This is further supported by Title VII case law which allows for post-termination retaliation claims, whereas, as discussed below, wage and hour retaliation claims require the complaint to have been made while the plaintiff was employed.  Accordingly, one should presume the Legislature intentionally meant to use the broader term "individual" in its anti-retaliation provision under the NYSHRL, tracking Title VII, and the narrower term "employee" under NYLL §215.

The Court should not rely on the outlier holding in Liverpool v. Con-Way, Inc., 08-CV-4076 (JG)(JO), 2009 U.S. Dist. LEXIS 41349 (E.D.N.Y. May 15, 2009) (denying a motion to dismiss where plaintiff claimed defamatory statements about a failed drug test, cost him future employment, were made in response to plaintiff's filing for unemployment was retaliatory under NYLL §215.)  Several wage and hour cases, decided after Liverpool, in this Circuit, have specifically held that "[t]o establish a prima facie case under [§215], the plaintiff must adequately plead that *while employed by the defendant*, [he] made a complaint about the employer's violation of the law and, as a result, was … subjected to an adverse employment action."  Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp . 2d 253, 302 (S.D.N.Y. 2011); see also Paz v. Piedra, 90 Civ. 03977 (LAK)(GWG), 2012 U.S. Dist. LEXIS 4034, *30 (S.D.N.Y. Jan. 12, 2012) (finding that plaintiff must have made the complaint "while employed by the defendant" to establish a prima facie case); Reilly v. Natwest Markets Group, Inc., 178 F. Supp. 2d 420, 427 (S.D.N.Y. 2011) ( "New York Labor Law §215(1) applies to retaliatory actions taken by an employer against an employee").  Accordingly, because Plaintiff did not make his complaint until after his termination, his retaliation claim fails as a matter of law.

Further, assuming *arguendo*, Plaintiff's claim for retaliation could survive the deficiencies described above, the alleged retaliatory act, Defendants' statement to Plaintiff and his counsel that they were no longer permitted at SoulCycle, does not trigger the protection of NYLL §215. In determining whether an action is retaliatory under NYLL §215, courts have looked to whether the alleged adverse employment action "might have dissuaded a reasonable worker from making or supporting similar charges." Copantitla, 788 F. Supp. 2d at 303. Courts have found viable retaliation claims where the employer has filed a false criminal charge against the employee, discharged the employee, or reduced the employee's hours, thereby reducing his pay. See Id. at 304-05; Paz, 2012 U.S. Dist. LEXIS 4034 at *33. Plaintiff's allegations that he was kept from attending SoulCycle classes does not rise to the level of such retaliation. Further, Plaintiff's claim that his counsel being informed that he could no longer take a SoulCycle Class would "have a chilling effect" and likely discourage attorneys from representing employees to the extent it may otherwise "inconvenience" their lives is devoid of legal merit.

## V.   PLAINTIFF'S CALIFORNIA CLAIMS SHOULD BE SEVERED

Plaintiff's California Claims and the California Defendants [8] should be severed from the instant action pursuant to Fed. R. Civ. P. Rule 21 in the interests of judicial economy and efficiency. Plaintiff's own proposal of two separate and distinct classes, with separate and distinct legal claims attached to each class, highlights the severability of the claims in question.

Despite Plaintiff's best attempts to argue otherwise, as shown above, the applicable New York law is not significantly similar to the applicable California law. Further, as with Plaintiff, each putative class member's terms of employment are likely to be governed by

_____

[8] Plaintiff's Fifth, Sixth, Seventh, Eighth and Ninth causes of action all involve California law and are collectively hereinafter referred to as the "California Claims." Defendants, SoulCycle Brentwood, LLC, SoulCycle West Hollywood, LLC, and Soul Cycle Santa Monica, LLC (collectively, hereinafter referred to as the "California Defendants") are California corporations.

individual employment agreements.  It is likel y that the putative class m embers of the proposed California Class, live in Calif ornia.  Further,  it is lik ely that additional witn esses for the California claims live in Californi a, where the alleged violations  took place.  Courts have often severed the claims of plaintiffs who reside and were injured out  of the court's jurisdiction.  S ee Costello v. Home Depot U.S.A., Inc., 888 F.  Supp. 2d 258, 264-66 (D.C onn. 2012) (finding that the relevant factors, including the substantial factual differen ces between the different plaintiffs, despite their sharing a jo b description, as well as  concerns for jury confusion favored severance of non-Connecticut claims into separate actions); Wilkes v. Genzyme Corp., Civ. No.  WMN-10- 1683, 2011 U.S. Dist. LEXIS 49881 (D. Md. M ay 10, 2011) (finding that even if the differences in the sub stantive law of the six s tates were  minor,  the potential for ju ry confusion was great where plaintiffs alleged wage and  hour violations solely under stat e law, on behalf of Plaintiffs who were employed by Defendant in six different states); C oleman v. Quaker Oats Co., 232 F.3d 1271, 1296-97 (9th Cir. 2000) (holding that th e district court did not ab use its discretion when it severed the claims of three of the ten plaintiffs, as, among other reasons, not severing their claims would  lead to potential prejudi ce to the defendants in part due   to legal conf usion as the jury would have had to evalu ate state law claim s under the d iffering laws of each plaintiff's state); Boschert v. Pfizer, Inc., No. 4:08-CV-1714(CAS), 2009 U.S. Dist. LEXIS 41261 (E.D. Mo. May 14, 2009) (granting severance of the non-res ident state plaintiffs, in part because m ultiple sets of jury instructions would  be requ ired to encom pass the laws f rom  multiple states); Acevdeo v. Allsup's Convenience St ores, Inc., 600 F.3d 516, 522 (5 [th] Cir. 2010) (holding that courts have considerable discretion in determ ining whether tr ying claims together w ould be too challenging logistically in light of  the different witnesses and documentary proof required for each putative plaintiff's alleged claim.)  Plaintiff's proposed comm on questions of law and fact  alone do not support  a denial of Defendants'      Motion to Sever.  See Erau    squin  v. Notz, Stucki Mgm  t.

(Bermuda) Ltd., 806 F. Supp. 2d 712, 722 (S.D.N.Y. 2011)   ("Nor is this Court required to deny Defendants' severance motion m erely because there exist som e common question of law and fact.  The Court of Appeals has never required claims to be litigated together on that basis alone.) In light of the above, Defendants w ill suffer prejudice if the California Claims are brought with the New York Claims in front of a New York jury.  Accordingly, severance of all California claims, as well as the California Defendants, is appropriate.

## VI.   IRRELEVANT AND INFLAMATORY PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT SHOULD BE STRICKEN

The prejudicial s tatements made in Pl aintiff's Preliminary Statement serve n o purpose but to inflam e the reader an d accuse Defendants of unsavory actions not at issue in the instance. (See e.g. Am. Compl. ¶1, alleging Defenda nts mistreated and cheated their custom ers) As discussed in further detail in Defendants'     Motion, all such prejudicial and inflammatory statements should be stricken. See Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D.N.Y. 1991).

## CONCLUSION

For the foregoing reasons, Defendants respec tfully submit that this Court should (1) sever the California Claim s and Parties, and (2 ) dismiss, with prejudice, Plaintiffs' first and second claims for relief, as to wa ge claims under the NYLL, Plain tiffs' third claim for relief for unlawful deductions under the NY LL, brought on behalf of Plaintiff Nick Oram and the putative class members for failu re to s tate a claim and Plaintiff's tenth claim for re lief for retaliation brought on his own behalf for failure to state a cl     aim, and (3) strike the prejudicial portions contained within the first Paragraph of the Amended Complaint.

JACKSON LEWIS LLP

By:     *s*/William J. Anthony
        William J. Anthony (WA 2468)
        Joanna S. Smith (JS 6471)

        666 Third Avenue
        New York, New York 10017
        (212) 545-4000

        *ATTORNEYS FOR DEFENDANTS*

Dated: September 20, 2013
       New York, New York

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 20 [th] day of August 2013, the foregoing docum ent was filed with the Clerk of the C ourt and serv ed in acco rdance with the Federa l Rules of Civil Procedure, and/or the S outhern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Douglas                         Wigdor, Esq.
David                           E. Gottlieb, Esq.
THOMPS                  ON WIGDOR LLP
                                *ATTORNEYS FOR PLAINTIFF*
                                85 Fifth Avenue
                                New York, New York 10003


                                ___*s*/Joanna S. Smith_____
Joanna                          S. Smith, Esq.

4840-9371-9061, v. 4

-1-